## THOMAS & TROTT v. ELLIS & Co.

1. Where the plaintiff declares on a special contract for building a house, and also on the common counts, for work and labor, a recovery may be had on the latter without proving a special contract subsequent to and distinct from that declared on. The rule is, that a recovery may be had for work and labor, whenever the defendant has accepted the work, although it may not amount to a performance of the special contract.

WRIT of Error to the Circuit Court of Sumter county.

Ellis & Co. commenced this suit in the County Court of Sumter, and declared against Trott & Thomas in an action of assumpsit. The declaration contained a count on a special contract, made by the plaintiffs with the defendants, to build a house in a particular manner, and for which they were to receive certain specified sums from the defendants. The breach of this count is laid in the non-payment of the sums agreed upon. The declaration also contains counts for money due for work and labor, and on a *quantum meruit*.

A verdict was found for the defendants on the general issue.

In the record there are two bills of exceptions, both sealed by the presiding Judge, who adds to the last an explanation of his reasons for signing it. The first of these bills discloses that the jury was instructed that the written contract of the parties must be complied with; and if they believed from the testimony that Thomas & Trott, the defendants, had received the house under the written agreement, this was sufficient, and they were bound to pay for it; but if the parties, subsequently to the written agreement, had made a different special contract, then they were bound to find for the plaintiffs on the common counts for work and labor, &c. But they could not find on such written agreement and common counts both.

The second bill states the charge to have been, that unless the plaintiffs had proved a special contract between themselves and the defendants, subsequent to, and distinct from, that declared on, they had no right to find for the plaintiffs on either

of the common counts; and that the plaintiffs could not recover on both.

The plaintiffs excepted, and a verdict was returned for the defendants, on which judgment was rendered. A writ of error from the Circuit Court was sued out, and the judgment of the County Court was there reversed for errors in the charges to the jury.

From this judgment the defendants prosecute their writ of error, and here assign that the Circuit Court erred in reversing the judgment of the County Court.

SMITH, for the plaintiffs in error.

HAIR, contra.

GOLDTHWAITE, J.—The evidence which was before the jury when these charges were given, is not stated, and therefore it is doubtful whether any injurious results flowed from them; but the charges are entirely affirmative, and therefore the rule laid down in Peden v. Moore, [1 S. and P. 71,] where it was held that injury would be presumed when error was shown in such a charge, although the evidence was not stated in a bill of exceptions, must govern. If we understand the position assumed by the County Court, the instructions to the jury were, that the plaintiffs could not recover on the common counts of the declaration, unless they proved a special contract, subsequent to, and distinct from, that declared on in the first count. This we think is not a correct exposition of the law applicable to such a case as this most probably was upon the evidence. If it was shown that the special contract was not substantially performed, no recovery could be had on the first count, as its performance is there asserted, and it is upon this performance that the plaintiffs predicate their right of action: but the proof failing in this respect, it does not follow that they must be precluded from a recovery under the common counts.

Indeed, nothing is more common than to permit a recovery upon an implied contract to pay the value of the labor, although it may not have amounted to a performance of the special contract; and this is always the rule when the defendant has accepted the work, or entered into possession and use of the

house actually erected. [Haywood v. Leonard, 7 Pick. 181; Thornton v. Place, 1 M. and Robinson, 218; 2 Stark. Ev. 97, n. 1.]

The authorities just cited, show that a recovery can be had on the common counts, although the special contract has never been performed.

The charge of the County Court was therefore erroneous, and the judgment of the Circuit Court reversing it must be affirmed.