## HAWKINS vs. GILBERT & MADDOX.

1. When a party has entered into a special contract to do certain work, or perform a specified service, and the work is done, but not according to the terms of the contract, yet if it is accepted by the party for whom it was to be performed, and is beneficial to him, the party performing it may recover on a *quantum meruit*, the value of the work done, or services rendered.

2. But if, after having commenced the work, he abandons it before it is finished, without sufficient cause, he cannot recover for the work and labor done.

ERROR to the Circuit Court of Lowndes. Tried before the Hon. Geo. Goldthwaite.

GILBERT & MADDOX brought their action of assumpsit against Hawkins, to recover damages for the breach of a written contract. The contract declared on shows that the parties contracted to repair and carry on two mills, the property of the defendant, until July 1855, in partnership. Each party was to contribute in certain proportion the materials and labor necessary to repair the mills, and to work them, and the profits were to be equally divided between them. The plaintiffs, who were mill-wrights, worked themselves in repairing the mills, and furnished most of the materials, but abandoned the work, without having completed it. "The evidence was conflicting, as to whether the plaintiffs or the defendant had first violated the contract."

The defendant asked the court to charge the jury, that if they found from the evidence, that the work done, and materials furnished by Maddox, were done and furnished under the contract set out, and the plaintiffs had not complied with the terms of said contract, then they could not recover on the common counts for the work done, and the materials furnished. This charge the court refused, but charged the jury, that if they found from the evidence, that the plaintiffs had done work, and furnished materials of value to the defendant, in and about the mills, and the defendant appropriated the same to his own benefit, and availed himself of such work and materials, the plaintiffs could recover for the value of such work and materials, notwithstanding they may not have complied with the terms of the contract on their part. The defendant excepted to the refusal to charge as requested, and to the charge given, and now assigns them as error.

STONE & JUDGE, for plaintiff in error:

The contract declared on shows that the parties became partners in the mill business. Each party was to contribute in certain proportion the materials and labor necessary to carry on the work; and for a definite period, the parties were to share

the proceeds and profits of the mills equally. No part of the contract contemplates a payment of money for the work. The decision of the court is, that notwithstanding Gilbert and Maddox may have voluntarily abandoned their contract, and quit the work, still Hawkins having continued to run the mills, is liable to the plaintiffs for the value of the work and materials. Can this be law? Is this not allowing the parties to take advantage of their own wrong? Will Gilbert and Maddox, after they learn that their partnership is not likely to prove profitable, be permitted by their own wrong, to convert their claim into a money demand for work and labor and materials? We think not.

The authority on which this decision was made by the court below, and on which we presume defendants in error, rely, is Merriwether v. Taylor, 15 Ala. 735. That case does not sustain them. It simply decides that if work be done under a special contract, not strictly in accordance with it, but yet of some value, if it be accepted and used by the contractor, he shall pay its value. We apprehend no respectable authority can be found which extends the principle farther. This does not change the mode of reimbursement or payment, but proceeds on an entirely different ground.—See also, Thomas & Trott v. Ellis, 4 Ala. 108. We suppose no case analogous to this can be found. This is in our favor. Some principles are so clear, that no direct authority can be found upon them. This, we think, is one of that class. The general rule is that when parties make a contract, and stipulate a mode of payment, neither party can, without the consent of the other, change that contract, or the mode of payment. Courts do not make, but enforce contracts.

ELMORE & BOLING, *contra:*

1. The witness Buffington testifies that Hawkins said to him, if Maddox did not come to some understanding with him by a particular time, he would make a smash of the business; that he had put up one advertisement already, and intended to put up another. This was communicated to Maddox. An advertisement (a copy of which appears in the record,) was seen by witness in the mills, and another some distance from the mills. Hawkins had notice to produce these papers. The evidence was properly admitted under this state of facts, and in connection with them.

2. The evidence tends to show that Hawkins prevented Maddox from performing the contract on his part, (if he failed to perform his part of it.)   The rule is, that a recovery may be had for work and labor, when the defendant has accepted the work, although it does not amount to a complete performance of the special contract.—Merriweather v. Taylor, 15 Ala. 739 ; Thomas & Trott v. Ellis & Co., 4 Ala. 108 ; 2 Greenl. Ev. § 104 ; 7 Ala. 753.   The charge refused, and the one given, should be construed in connection with the testimony, particularly that part showing the conduct of Hawkins.

DARGAN, C. J.—When one party has entered into a special contract to do certain work, or perform a specified service, and the work is done, but not in conformity with the terms of the contract, yet if it be accepted, and is beneficial to the party for whom it was to be performed, the party performing the work, or rendering the service, may recover on a *quantum meruit* as much as the work or service is reasonably worth, notwithstanding it be not performed according to the terms of the special contract.   This principle we consider as well settled by authority as it is in consonance with the principles of justice.—Hayward v. Leonard, 7 Pick. 191; Greenl. Ev. vol. 2, § 104, and the cases by him cited; Thomas & Trott v. Ellis & Co., 4 Ala. 108 ; Taylor v. Merriweather, 15 Ala. 735.

But we have seen no case that holds the law to be, that a party may abandon the work without cause or reason, before it is finished, and recover on a count for work and labor.   Such a principle would enable a party to violate his contract with impunity, and still recover for the service rendered, or labor performed.—In the case of Givhan v. Darley, adm'r., 4 Ala. 336; the contract was, that Darley should serve Givhan, the defendant, as overseer for the year 1839, for which service he was to receive six hundred dollars ; Darley died in about two months after the service was commenced, and his administrator brought assumpsit for work and labor done, and contended that he should be allowed to recover a *pro rata* part of the sum agreed to be paid for the year's service.   But this court held after a full examination of the authorities, that the administrator could recover nothing.   In the course of the opinion, it is said, "it may be regarded as a settled principle of law, that where one has under-

taken to serve another for a definite time for certain wages, or where an entire contract has been entered into for the performance of a number of acts, it is not competent for the party after he has performed his contract in part, causelessly to decline proceeding further with it, and recover upon a *quantum meruit.*" The judge who delivered the opinion then cited many cases which go to sustain this principle, which renders it unnecessary to cite them here. The propriety of this rule cannot be better illustrated than by the facts of this case. The plaintiffs under this agreement were not entitled, even if the contract had been completed, to demand any money from the defendant; they would only have been entitled to the share or proportion of the profits of the mills they stipulated for, as a compensation for their labor in erecting and repairing the mills, and the materials they were to furnish. Now suppose they had discovered the contract to be a bad one, and on this account abandoned the work without excuse or sufficient reason, to allow them to recover on a *quantum meruit,* as much as their labor and materials are worth, would enable them to relieve themselves from the consequences of a contract by a voluntary violation of its provisions. Testing the charge of the court by these general rules, we think it clear, that it cannot be sustained. It holds the law to be that the plaintiffs could recover for the value of the materials and their labor, notwithstanding they failed on their part to comply with their contract. In this, the court erred. But it is contended that the evidence discloses a sufficient excuse or reason for the plaintiffs' abandoning the contract on their part, as the defendant has not fully complied with his engagement, and especially as he declared to them that he would not comply with his agreement. In reply to this, we can only say that the bill of exceptions shows it was a contested fact, whether the contract was first violated by the plaintiffs, or by the defendants, and the charge given was well calculated to induce the jury to believe that the plaintiffs could recover, although the breach was on their part, and without regard to the question, whether or not they had any just and sufficient cause to abandon the contract. It was therefore well calculated to mislead the jury; indeed under this charge it became unnecessary for them to do more than estimate the value of the labor done by the plaintiffs and of the materials which they furnished, without considering whether or

not they had a sufficient reason to abandon their agreement. Upon another trial, no doubt, the question will be whether the plaintiffs had a sufficient excuse to abandon the contract. But we do not feel at liberty to express any opinion upon this point as the case is now presented.

Let the judgment be reversed, and the cause remanded.