# Worthington *v.* McGarry.

## *Action on the Contract.*

(Decided Feb. 5th, 1907.  42 So. Rep. 988.)

1. *Brokers; Right to Compensation; Contract of Employment; Performance.*—It is not necessary that there should be an actual purchase of the property upon which options have been obtained, before the broker, who undertakes to obtain options on certain property for another, is entitled to his compensation therefor.

2. *Same; Rules of Construction; Language of Instrument; Intent of Parties.*—Where the contract stipulated that if the broker obtained the option at a price at which the purchaser may buy, it was the intention of the parties, and the meaning of the contract, that the option should be obtained at a price which was satisfactory to the purchaser, and the conditions of the contract were fully complied with when it was shown that the price was satisfactory to the prospective purchaser.

3. *Same; Failure to Perform; Direction of Principal.*—The parties to the contract agree that defendant would pay plaintiff a sum certain if the plaintiff would secure for defendant options on certain ore lands and on a majority of the stock of a named corporation. Plaintiff secured the ore land option at a price satisfactory to the defendant, but did not secure options on the stock of the corporation, but alleged and proved that he was prevented from doing so by the defendant. Held, Plaintiff is not entitled to compensation under the contract for securing the options on the ore lands.

4. *Same; Breach; Rights and Liabilities on Partial Performance.*—The broker has an action in damages for a breach of the contract, where the other party to the contract agrees to give him certain compensation to secure certain options, and afterwards direct him not to secure a part of said options.

APPEAL from Colbert Circuit Court.

Heard before Hon. E. B. ALMON.

Action by A. J. McGarry against J. W. Worthington. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The contract made the basis of the second count is as follows: "Florence, Ala., April 2, 1898. It being desirable that they co-operate in the matter of securing certain option leases, etc., on certain ore lands in the state of Tennessee, it is therefore, for value received from each by each, agreed between J. W. Worthington and A. J. McGarry, parties to this agreement, as follows: If the said McGarry shall, by himself. or in connection with the said Worthington, secure for the said Worthington an option to purchase the majority of the stock of the Lawrence Iron Co.—that is, shall enable the said Worthington to secure an option on the stock of one McCormick, of the state of Pennsylvania—and shall further secure an option to purchase all of the ore lands of Herrin's heirs, said lands being situated at or near the town of West Point, Tenn.: Now, if the said McGarry should secure these options above described and at a price that the said Worthington may for himself or associates buy the property described herein, or intended to be described herein, then in that event the said Worthington shall pay to the said McGarry two thousand five hundred dollars, and the said Worthington shall pay to the said McGarry any and all legitimate expenses the said McGarry may incur in connection with the transaction herein described, whether the said Worthington shall purchase all or any part of said property. Executed in duplicate." The averments are that plaintiff did secure the option mentioned as provided in said contract, but the said Worthington failed and refused.

WILHOYTE & NATHAN, for apellant.—The contract was unilateral in its incipiency and invalid until its performance by McGarry of the duties undertaken by him.—*Sheffield Furnace Co. v. Hull*, 101 Ala. 446; *American Oak Extract Co. v. Ryan*, 104 Ala. 267. The alleged verbal change of the contract does not relieve plaintiff of the conditions complained of therein and at the same time keep defendant bound thereby.—11 Cent. Dig. § 1139; *Randolph v. Perry*, 2 Port. 376; *Hunt v. Barfield*, 19 Ala. 117. An agreement is not binding on

either party unless both are bound.—11 Cent. Dig. col. 35.

THOMAS R. and A. J. ROULHAC, for appellee.—No brief came to the reporter.

TYSON, C. J.—This is an action by the appellee against the appellant to recover for services rendered in procuring an option for the purchase of certain property. The complaint contains two counts. The first on an account stated; but, as no proof was offered in support of this count, it may be disregarded. The other count is on a written contract, under and by which the defendant agreed to pay plaintiff $2,500 if the plaintiff should secure for him options on two properties mentioned (certain ore lands and the majority of the stock in a corporation named) "at a price that the said Worthington (defendant) may for himself or associates buy the property described." The count as amended alleges that the plaintiff procured the options, except as to the stock in the corporation, "which * * * said defendant undertook to procure for himself." The proof showed that the plaintiff did procure an option upon the ore lands which was entirely satisfactory to defendant, though the lands were not, in fact, purchased, owing to the want of compliance by defendant with the terms of the option contract as to payment at the time stipulated. The evidence further showed that the defendant directed the plaintiff not to make any effort to procure the option on the stock, and that he undertook to do that himself, but failed. There was no proof as to the value of the services rendered by the appellant in procuring the option upon the ore lands. The court below having rendered judgment for the plaintiff, the defendant below appeals.

Two questions arise. The defendant insists, first, that the proper construction of the contract contemplated that there should be an actual purchase of both properties before the plaintiff could earn the $2,500 stipulated to be paid. We cannot accept this construction as being what the parties intended and what they have expressed in writing. It was only options that the

plaintiff was required to obtain, which are entirely distinct and separate from the actual purchase. Purchases, if made, are often, if not generally, made by third parties, to whom the party holding the option transfers his right. In this case the first part of the contract simply referred to obtaining an option, without any limitation. In such case the terms of the contract might be complied with if an option had been obtained at a price five times, or any number of times, greater than the actual value. The defendant, seeing, perhaps, that he might be called upon to pay $2,500 for securing options which were utterly worthless to him, owing to the excessive price, wrote the second paragraph of the contract in relation to the price, saying that the option should be at a price at which he "may buy." This second term, if we construe it literally, would be very ambiguous, uncertain, and unreasonable, since the word "may" might simply refer to the permission of the vendor to sell, or it might refer to the state of the fortune of the party proposing to buy—in one event enabling the broker to claim his commission for obtaining an option at a price far in excess of the value of the property; in the other, enabling him to claim his commission if his employer had means enough to pay for the property, no matter at what price, on the option being obtained. Such constructions are inadmissible. What the parties intended was that the option should be obtained at a price which was satisfactory to the employer; and this, we think, was the intent and meaning of the contract under consideration. And in this case the option which was obtained upon the ore lands was entirely satisfactory to defendant, and, therefore, if that was the only question in the case, the compensation would have been earned under the contract.

But no recovery can be had upon a contract except in pursuance of its terms, and here the express condition was that the $2,500 was to be earned only upon the obtaining of options upon two separate pieces of property. Plaintiff seeks to do this by averring that the defendant below undertook to procure the other option himself; and the proof shows that he did undertake to obtain it, and failed. This does not amount to a performance or waiver of performance. Of course, there might be a

[Worthington v. McGarry.]

waiver of performance as to obtaining option on one piece of the property, and an agreement to pay the full compensation for obtaining the option as to the other; but there is no averment or proof of this, and the court is not at liberty to supply it. At most, the allegation and proof amount to a refusal on the part of the defendant below to allow the appellee to earn his compensation by obtaining the option on both pieces of property; that is, it is shown that the plaintiff below undertook to obtain the options, and did obtain one, and was prevented by the defendant in obtaining the other. There is no allegation and proof that the other option could have been obtained, or would have been obtained by the plaintiff, had he not been interfered with. The question, then, is simply this: Whether or not a party, entitled to a named consideration upon the performance of two services, can claim the compensation upon the performance of one of the services, alleging and proving that he was prevented in endeavoring to perform the other by the defendant. We think he cannot. The defendant, by directing the plaintiff not to proceed in reference to one of the services, altered and breached the contract. There was an implied term in the contract that the plaintiff should have an opportunity to perform both services, and, when his performance was prevented or dispensed with as to one, the contract was thereby set aside by the employer, and the plaintiff was relegated to a suit for damages for a breach of the contract or one on a quantum meruit for services actually performed.— 9 Cyc. 638, 639; 7 Ency. Law (2d Ed.) 150-152; *Anvil Min. Co. v. Humble,* 153 U. S. 552, 14 Sup. Ct. 876, 38 L. Ed. 814; *The Eliza Lines,* 199 U. S. 119, 128, 26 Sup. Ct. 8, 50 L. Ed. 115; *Rhoehm v. Horst,* 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953.

The plaintiff, upon a proper count, and upon proof of the value of his services in procuring the option as to the ore land, would have been entitled to recover; but it was error for the lower court to hold that under the written contract he was entitled to the price named therein for the obtaining of both options, when he only obtained one.

Reversed and remanded.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.