[Carbon Hill Coal Co. v. Cunningham, et al.]

# Carbon Hill Coal Co. *v.* Cunningham *et al.*

### *Assumpsit.*

(Decided Nov. 26, 1907.   44 So. Rep. 1016.)

1. *Appeal; Harmless Error; Rulings on Pleadings.*—If the trial court erred in overruling demurrers to certain counts, in sustaining a demurrer to pleas interposed to certain counts and in striking other pleas, such error was not prejudicial where it appears that the court afterwards excluded the contract on which the counts were based, and gave the affirmative charge for defendant as to these counts.

2. *Work and Labor; Action; Express Contract; Effect.*—Where there is an express contract, an implied one cannot be resorted to, unless the contract has been fully performed and nothing remains but the payment of the price, in which event recovery may be had on the common count; if the contract continues executory it must be declared on specifically.

3. *Contracts; Part of Performance; Recovery.*—Where the employer breaches a contract and prevents full performance, the employe may maintain an action on the common count for work and labor done; where the employe abandons the work without sufficient cause before completing it he cannot recover for work and labor done.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by S. V. Cunningham and another against the Carbon Hill Coal Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

DAVIS & FITE, for appellant. The damages alleged were speculative and remote and the demurrers should have been sustained.—*Moulthrop v. Hyatt*, 105 Ala. 493; *Reid Lbr. Co. v. Lewis*, 94 Ala. 626. The court erred in striking pleas 11, 12 and 13.—*Troy Fert. Co. v. Logan*, 96 Ala. 619; Bishop on Contracts, secs. 835 and 1445. An offer of a sum by way of compromise of a claim tacitly admitted is admissible unless accompanied with a

[Carbon Hill Coal Co. v. Cunningham, et al.]

caution that the offer is confidential.—1 Greenl. sec. 192; *Baker v. Haynes,* 40 South. 968. The court erred in refusing the 14th charge requested by appellant.— *L. M. I. & A. Co. v. Preston,* 119 Ala. 290. Also in refusing the 15th charge.—*Lehman v. McQueen,* 65 Ala. Ala. 570. The court should have given the 17th charge. —16 Cyc. 926 and 928.

R. A. COONER, for appellee. The demurrers to the complaint were properly overruled.—*Brigham v. Carlisle,* 78 Ala. 243; *Bell, et al v. Lee,* 78 Ala. 511. Counsel discusses other assignments of error, but cites no authority.

TYSON, C. J.—The complaint contained six counts. All of these counted for a recovery upon the breach of a certain written contract, alleged to have been executed by defendant, except one, the sixth, which was in form the common count for work and labor performed by plaintiffs for the defendant. During the trial the court excluded the contract upon which each of the first five counts were based, and at defendant's request gave the affirmative charge for it upon each of them. These rulings render it unnecessary to consider the action of the court in overruling the demurrer interposed to these counts, and in sustaining a demurrer to certain pleas interposed to them and striking certain other pleas. If these several rulings were erroneous, they were clearly innocuous to the defendant, and nothing can be taken under the several assignments of error based upon them by it.

All the counts being eliminated, except the common count upon which there was a recovery by the plaintiffs, we need only consider upon this appeal such assignments of error as relate to the rulings of the court perti-

tinent to the issues presented under it; and under the view we take of the case it is only necessary to dispose of those assignments based upon the action of the court in rejecting defendant's offer to prove that the work and labor performed, for which the recovery was sought, was performed under a special contract. In *Snedicor v. Leachman,* 10 Ala. 330, 333, it was said: "We understand the law to be that if there is proved to have been a special contract, which has not been rescinded, the plaintiff cannot resort to the common counts, though he may fail in the proof of his contract, so as to enable him to recover upon it." See, also, *Anderson v. Rice,* 20 Ala. 239; *Worthington v. McGarry,* 149 Ala. 257, 42 South. 988, 990.

Where there is an express contract, the plaintiff cannot resort to an implied one. An exception to this rule, however, is that he may recover on the common counts, although the evidence discloses a special agreement, where such agreement has been executed and fully performed, and no duty remains but the payment of the price in money by the defendant; but, so long as the contract continues executory, the plaintiff must declare specially.—2 Mayfield's Dig. p. 258, § 333, and cases there collated. See, also, *Worthington v. McGarry, supra.* Of course, when it is shown that defendant breached the contract, and thereby prevented its full performance, the plaintiff may maintain the common counts for work and labor done; but if the plaintiff, after having commenced the work, abandoned it before completion, without sufficient cause, he cannot recover for the work and labor performed.—*Hawkins v. Gilbert,* 19 Ala. 54.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, SIMPSON, and DENSON, JJ., concur.