[Hartsell v. Turner.]


# Hartsell v. Turner.

### Assumpsit.

(Decided April 6, 1916.   71 South. 658.)

1. **Contracts; Failure to Perform; Right of Recovery.**—Where the contract to drive a well was entire and plaintiff failed to fully and substantially perform, he could not recover on the contract, without more.

2. **Work and Labor; Partial Performance; Quantum Meruit.**—Where the contract to drive the well was entire, and plaintiff failed to fully and substantially perform, he could not recover the value of the labor expended in its partial performance, without more.

3. **Same.**—Where a party has the right to insist on the full performance of the entire contract, but voluntarily accepts the benefit of a part performance, such party is liable for the advantage thus voluntarily accepted; such liability resting not upon the original contract, but upon an implied agreement deducible from the acceptance of a valuable service or thing, but the mere fact that the performer has been benefited is not sufficient to charge the party benefited as upon the quantum meruit.

4. **Same.**—Where plaintiff contracted to drive a well on defendant's premises, and defendant unequivocally repected it because the water then produced was not a performance of the contract, and plaintiff drilled the well deeper, but without success, and then left it, defendant after having another well bored without success, used the limited supply of water from the well bored by plaintiff for more than four years, and aided his tenants in having the well cleaned out, was liable to plaintiff for the value of the labor spent in boring the well, in no event to exceed what would have been the contract price of boring the well to the depth driven, had it then furnished the contemplatd supply of water less the value of the pipe contributed by defendant, the fact being that the well presented no obstacle to the use of his premises by defendant.

5. **Same; Jury Question.**—In this case the amount of the recovery upon quantum meruit was for the jury.

APPEAL from Madison Law and Equity Court.

Heard before Hon. JAMES H. BALLENTINE.

Action by Ed Hartsell against Curry Turner for breach of contract, and for work and labor. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Transferred from the Court of Appeals under the act creating said court.

R. E. SMITH, for appellant. DOUGLASS TAYLOR, and CLARENCE L. WATTS, for appellee.

[Hartsell v. Turner.]

SAYRE, J.—On the first trial of this cause in the court below the plaintiff (appellant here) contended that he was entitled to recover the agreed price of his work as for a full and substantial performance of his part of the contract. The Court of Appeals, very properly holding that plaintiff had not fully and substantially performed, reversed the judgment in favor of the plaintiff. —*Turner v. Hartsell,* 4 Ala. App. 607, 58 South. 950, where a statement of the case in its then aspect will be found. On the second trial plaintiff, abandoning his contention as to full and substantial performance, sought to recover on the quantum meruit as for the reasonable value of the well he bored, his theory of the facts being that the well he bored, though it did not furnish the quantity of water contemplated in the contract, yet was of some value, and that defendant had accepted and use it for what it was worth. The trial court gave the general charge for defendant, and plaintiff has appealed.

(1-4) The contract was entire, and plaintiff, having failed to perform fully and substantially, could not, without more, recover on the contract, nor the value of the labor he expended in its partial performance. Any other rule would tend to encourage bad faith and lessen the obligation of contracts into which the parties must be presumed to enter with a full understanding of their necessary implications. But while no claim can be founded upon an express contract which has not been fully performed, nor will the mere fact that part performance has been beneficial be considered as sufficient to charge the party benefited on a quantum meruit, still, if the party who has a right to insist on the full performance of such a contract has voluntarily accepted the benefit of partial performance, the modern doctrine, based upon principles of equity and right, holds him liable to pay for the advantage he has thus voluntarily accepted. Liability in such case is rested, not upon the original contract, but upon an implied agreement deducible from the delivery and acceptance of a valuable service or thing. The difficulty in cases of this character has been to determine how and by what circumstances a voluntary acceptance may be shown. Where the defendant can reject what has been performed without detriment to himself, he will be required to do so; but it would be requiring too much to compel him to abandon his own property because the plaintiff has incorporated his labor with it in a manner incompatible with the agreement. These statements of the law, drawn for the most part

from 6 Ruling Case Law, §§ 345-356, where we find a very acceptable statement of it, are in substantial accord with the principles to be deduced from a comparison of our reported cases, though it must be confessed that on the surface at least they do not appear to be entirely reconcilable among themselves.— *Thomas v. Ellis*, 4 Ala. 108; *Davis v. Badders*, 95 Ala. 348, 10 South. 422; *Aarnes v. Windham*, 137 Ala. 513, 34 South. 816; *Martin v. Massie*, 127 Ala. 504, 29 South. 31; *Maxwell v. Delehomme*, 163 Ala. 490, 50 South. 882; *Montgomery County v. Pruett*, 175 Ala. 391, 57 South. 823. Numerous other cases in the same line may be found cited in the cases above.

(5) Whether there has been such acceptance as to charge the defendant in the general run of cases of this character, must frequently be a question for jury decision, and this appeal asserts in substance that the question here should have been submitted to the jury. Defendant unequivocally rejected the well when it reached the depth of 97 feet because the quantity of water it then produced did not constitute a performance of the contract. In view of all the known and undisputed purposes the well was intended to serve, we agree with the Court of Appeals in its ruling that at this point the defendant was right. Plaintiff made his concurrence in this construction of the contract very manifest by proceeding to bore the well some 50 or 60 feet further through the rock. But his further efforts were utterly barren, and there he left the well. Defendant then had another well bored, but that too furnished an inadequate supply of water, so that afterwards his tenants equipped the well in dispute with a rope and bucket and made use of the very limited supply of water thus obtained for drinking purposes, and continued so to do during the four years that passed before the last trial of this case. Defendant knew this and aided his tenants in the use of the well by having it cleaned out. Upon these facts is predicated defendant's voluntary acceptance of what advantage there was in the use of the well—unquestionably some advantage, or it would not have been so constantly used. Defendant was not required to abandon any use of his property, but, on the other hand, the presence of this well on his farm, a six-inch hole in the ground, presented no sort of obstacle to the use of his property without the use of the well as free and full as if the well had not been bored. On these facts, equitable principle would seem to require that defendant should pay plaintiff for the value of the labor ex-

pended in boring the well to the depth at which it furnished the water used by the former—in no event, however, to exceed what would have been the contract price of boring the well to that depth had it then furnished the contemplated supply of water— less the value of the pipe contributed by defendant and used in piping the well. These facts, which we have stated according to the tendencies of the evidence favorable to plaintiff, and the result, should have been left with the jury.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.