(89 South. 283)

**CAMODY et al. v. WHITE.  (8 Div. 334.)**

(Supreme Court of Alabama.  May 19, 1921.)

1. **Joint adventures ⬅4(1)—Contract held to require defendants to pay expense of labor, but not to procure and supervise it.**

Under defendants' contract to furnish timber for the manufacture of ties and to market them, deducting the necessary expenses to cut the timber, haul it to plaintiff's mill, and pay the labor for the mill, there was no obligation on defendants' part to cut, haul, or deliver the timber at the mill, nor to employ the labor or furnish the teams required for such purposes; their obligation being merely to pay the expenses incident thereto.

2. **Contracts ⬅335(1)—Must allege plaintiff able, ready, and willing to perform his own obligations.**

In declaring on the breach of a contract, it is essential to allege that plaintiff was himself able, ready, and willing to perform his own obligation thereunder, or that he offered to do so.

3. **Joint adventures ⬅5(2)—Allegation of due performance by plaintiff of contract to erect and maintain mill held insufficient.**

In an action for breach of a contract to furnish timber from certain premises for the manufacture of ties and to market the ties, deducting from the gross sales the necessary expenses to fell and cut the timber, haul it to plaintiff's mill, and pay the labor for putting it through the mill, where plaintiff contracted to furnish and maintain a complete sawmill to be erected on such premises, the expenses to be borne by him, including labor, an allegation merely that plaintiff moved his mill on the premises was an insufficient averment that he was himself able, ready, and willing to perform all his obligations under the contract, or that he offered to do so.

4. **Joint adventures ⬅4(1)—Measure of damages for breach of contract to furnish and market tie timber stated.**

The damage suffered by the breach of a contract to furnish timber for the manufacture of ties at plaintiff's mill and to market them is the loss of profits on the ties that would have been made and marketed but for such default, or if no profits could be demonstrated, plaintiff could recover his reasonable expenditures and loss of time.

5. **Joint adventures ⬅5(2)—No recovery for breach of contract to furnish timber from given premises for plaintiff's mill, where no allegation as to quantity available.**

The owner of a sawmill cannot recover damages for breach of a contract to furnish timber from certain premises for the manufacture of ties at such mill and to market the ties, though defendant failed to furnish the necessary timber to keep plaintiff's mill in operation, where there was no allegation that any substantial amount of timber remained on such premises available for milling purposes, or that there was enough to keep the mill in operation during the period of its inactivity.

6. **Joint adventures ⬅4(1)—No recovery for failure to hire labor and furnish teams in performance of contract to furnish timber for plaintiff's mill in view of practical construction.**

In an action for breach of a contract to furnish timber for manufacturing ties at plaintiff's mill and to market the same, deducting from the gross sales the necessary expenses to sell and cut the timber, haul it to the mill, and pay the labor for putting it through the mill, where defendants did not undertake to personally hire labor or furnish teams, but plaintiff attended to that himself, submitting his pay roll to defendants, who always paid what was due thereon, plaintiff could not recover for defendant's failure to hire labor or furnish teams.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Action by I. S. White against M. C. Camody and another, individually and as partners. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed, rendered, and remanded.

The complaint is in two counts, declaring upon a certain written contract between the parties, which is exhibited. The contract

shows a joint enterprise for the manufacture of and marketing of cross-ties. So far as here pertinent the obligations of the parties are as follows:

Defendants, as party of the first part, "agree to furnish all the tie timber, not including such timber as is suitable for merchantable logs, which we now own, and is known as the Beckwith timber * * * for the purpose of manufacturing ties. * * * We further agree to market these ties, and deduct from the gross sales the necessary expenses to fell and cut the timber into tie lengths, haul the timber to the mill and pay the labor for putting the timber through the mill into ties. * * * We further agree, after deducting above expense, to divide such money as it left from each sale equally with second named party."

Plaintiff, as party of the second part, "agrees to furnish a complete sawmill erected on these premises as suitable location. * * * This expense will be borne by party of second part, as well as all his labor, as an offset compared to the timber stumpage. The mill is to be maintained by party of the second part, and all expenses necessary to keep it running up to a standard mill of its size, including the little supplies * * * (which are) to be borne by the second named party."

The contract also provides:

"The first-named parties are to make the deductions for their services in hiring the labor and making the ties which right they have full control of, and such right they reserve to cancel the contract at any time the expenses run more than 80 per cent. of the gross sales. The mill is to be moved promptly and erected and the work pushed all possible according to the available labor; neither party being bound on account of being unable to secure such labor as is necessary to log the mill or operate it at full capacity."

Count 1 charges a breach of the contract by the defendants in that—

"They failed or refused to furnish teams and labor to put the logs on the yard to be sawed, and failed to furnish teams and labor to market what timber was cut."

The damages averred is the leaving of plaintiff mill idle a great deal of the time, and the expense of moving the mill off of the premises, and also of moving it off before the timber was cut.

Count 2 charges a breach of the contract, in that defendants "failed and refused to furnish the necessary tie timber to plaintiff to keep his said mill in operation"—the allegation being that defendants by the terms of their contract agreed to cut the tie timber on the Beckwith place in tie lengths, haul the tie timber to plaintiff's mill, and pay for the labor in putting the timber through the mill, into ties. The same elements of damage are averred as in count 1.

Demurrers were overruled to each of these counts, and trial had on the pleas of the general issue and accord and satisfaction.

Bradshaw & Sims, of Florence, for appellants.

The court erred in overruling demurrers to the complaint, and each count thereof. 195 Ala. 608, 71 South. 413; 137 Ala. 513, 34 South. 816; 1 Ala. 153; 184 Ala. 236, 63 South. 982; 1 Ala. App. 595, 55 South. 1023. The court erred in the admission of evidence as to damages. 108 Ala. 262, 18 South. 886; 117 Ala. 322, 23 South. 83, 67 Am. St. Rep. 170; 112 Ala. 80, 20 South. 502; 164 Ala. 494, 51 South. 150. The court should have given the charges requested. 1 Ala. App. 595, 55 South. 1023.

James C. Roberts, of Florence, for appellee.

This case should be affirmed, on the authority of Dickerson v. Finley, 158 Ala. 149, 48 South. 548, and cases there cited.

SOMERVILLE, J. [1] The written contract, which is made a part of the complaint, does not show any obligation on the part of defendant to cut, haul, or deliver tie timber at plaintiff's mill, or to personally have it done. Nor does it show any undertaking by them to actually employ the labor or furnish the teams required for those purposes. It does show their obligation to pay the expenses incident thereto, but with the right to reimburse themselves therefor out of the proceeds of sale, before any division thereof.

In their allegations of breaches, neither count shows any violation by defendants of any obligation imposed by the terms of the contract, nor are any extraneous facts alleged upon which those breaches may be rested. Both counts were demurrable in this particular.

[2, 3] In declaring upon the breach of a contract like this, it is essential to allege that the plaintiff was himself able, ready, and willing to perform his own obligations under the contract, or that he offered to do so. Long v. Addix, 184 Ala. 236, 63 South. 982. The allegation merely that plaintiff moved his mill on the premises falls very far short of meeting this requirement, and both counts of the complaint were subject to the demurrer on this ground.

[4] Neither count shows, other than by inference merely, that any substantial amount of timber remained on the premises, available for milling purposes, or that there was sufficient to have kept the mill in operation during the period of its alleged inactivity. Assuming that the necessary data were at hand to permit of a reasonably accurate estimate of the amount, the real damage suffered by plaintiff was the loss of his profits on the ties that would have been made and marketed, but were not, because of defendants' default; or, if no profits could be demonstrated, he could recover for his reasonable expenditures and loss of time. Worthington v.

Givin, 119 Ala. 44, 24 South. 739, 43 L. R. A. 382; Danforth v. Tenn., etc., R. R. Co., 93 Ala. 614, 11 South. 60.

[5] These necessary bases for a recovery were not furnished to the jury in the proper form, and hence their verdict could not have been better than an unsupported guess at the proper amount to be awarded, even assuming that a breach of the contract was proven.

[6] So far as concerns the merits of the case on the evidence, it seems to be shown without dispute that defendants did not undertake to personally hire labor or furnish teams, but that plaintiff always attended to that himself, and then submitted his pay roll to defendants, who always paid what was thus shown to be due in that behalf. We do not think the evidence had any tendency to support the breaches charged, and therefore the general affirmative charge should have been given for defendants as requested.

For the errors noted, the judgment will be reversed, and one will be here entered, sustaining the demurrer to each count as to the grounds above specified; and the cause will be remanded for further proceedings.

Reversed, rendered and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.