## VARNER v. HARDY. (5 Div. 851.)

(Supreme Court of Alabama. June 7, 1923.)

**1. Work and labor ⬤=14(3)—One abandoning contract wrongfully cannot recover under common counts.**

When a party, without sufficient cause, abandons a contract, leaving unperformed the work contracted for, he cannot recover, under the common counts, on a quantum valebat or quantum meruit.

**2. Work and labor ⬤=22—On executed contract plaintiff need not declare specially.**

When a contract has been executed and fully performed and no duty remains but the payment of the price in money by defendant, plaintiff need not declare specially.

**3. Work and labor ⬤=14(2)—Action lies where performance prevented.**

When it is shown that the defendant breached the contract and prevented full performance by the plaintiff, the latter may maintain the common counts for the work and labor done and for the value of material furnished therein.

**4. Damages ⬤=40(2)—Lost profits recoverable for prevention of performance.**

Where a party, in compliance with his contract, enters upon its performance and is wrongfully forced by the other party to abandon it before completion, without fault on his part, he is entitled to recover damages for the breach of the contract; and, if profits form a constituent element thereof, and their loss is the natural and proximate result of the breach and such as was reasonably in the contemplation of the contracting parties, the amount of such damages, if susceptible of estimation with reasonable certainty, is recoverable.

**5. Work and labor ⬤=23—Plea alleging abandonment of contract by plaintiff held good.**

In action on common counts, plea alleging that plaintiff breached the contract involved, one for sawing logs, by abandoning performance without excuse, *held* good.

**6. Work and labor ⬤=14(1) — Retention of property benefited by part performance not acceptance of benefit.**

That, after plaintiff wrongfully abandoned his contract to saw defendant's logs, defendant used the lumber manufactured by plaintiff before the breach, by delivering it to a purchaser, *held* not an acceptance of services rendering him liable in quantum meruit.

**7. Work and labor ⬤=24(2)—Abandonment of contract admissible under general issue.**

In action for work and labor, based on special contract, wrongful abandonment of the contract could be shown under the general issue.

Appeal from Circuit Court, Coosa County; W. L. Longshore, Judge.

Action on common counts by Ira Hardy against W. A. Varner. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

L. H. Ellis, of Columbiana, for appellant.

When a party abandons a contract, leaving part of the work unperformed, he cannot recover on the common counts upon a quantum valebat or quantum meruit. Maxwell v. Moore, 163 Ala. 490, 50 South. 882; Carbon Hill Coal Co. v. Cunningham, 153 Ala. 573, 44 South. 1016; Hawkins v. Gilbert, 19 Ala. 54. Plaintiff cannot declare on or recover under a contract he has abrogated. Rock Island Co. v. Moore, Handley Hdw. Co., 147 Ala. 581, 41 South. 806.

J. W. Strother, of Dadeville, for appellee.

No brief reached the Reporter.

THOMAS, J. The complaint is based on the common counts, to which defendant replied by the general issue and pleas 6 and 7 of set-off. To special pleas, including No. 10, demurrer was sustained.

[1-4] When a party, without sufficient cause, abandons a contract, leaving unperformed the work contracted for, he cannot recover, under the common counts, on a quantum valebat or quantum meruit. Martin v. Massie, 127 Ala. 504, 29 South. 31; Worthington v. McGarry, 149 Ala. 251, 42 South. 988; Carbon Hill Coal Co. v. Cunningham, 153 Ala. 573, 44 South. 1016; Maxwell v. Moore, 163 Ala. 490, 50 South. 882. An exception to the general rule is that, although the evidence discloses the special agreement, when the same has been executed and fully performed and no duty remains but the payment of the price in money by the defendant, the contract is executed so far as plaintiff is concerned, and hence there is no necessity to declare specially. Lowy v. Rosengrant, 196 Ala. 337, 71 South. 439; McCormick v. Badham, 204 Ala. 2, 11, 85 South. 401; Walstrom v. Oliver-Watts Const. Co., 161 Ala. 608, 619, 50 South. 46; Carbon Hill Coal Co. v. Cunningham, supra. It should be stated further that when it is shown that the defendant breached the contract and prevented full performance by the plaintiff, the latter may maintain the common counts for the work and labor done and for the value of material furnished therein. It follows that where the plaintiff had commenced the work under a special agreement and abandoned it before completion, and without sufficient cause, he cannot recover for the work and labor performed. Carbon Hill Coal Co. v. Cunningham, supra; Hawkins v. Gilbert, 19 Ala. 54, 2 Mayfield's Digest, § 333, p. 258. And where a party, in compliance with his contract, enters upon its performance and is wrongfully forced by the other party to abandon it before completion, without fault on his part, he is entitled to recover damages

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for breach of the contract; if profits form a constituent element thereof, and their loss is the natural and proximate result of the breach, and such as were reasonably in the contemplation of the contracting parties, the amount of such damages, if susceptible of estimation with reasonable certainty, is recoverable. Worthington v. McGarry, 149 Ala. 251, 255, 42 South. 988; Danforth v. T. & C. R. Co., 93 Ala. 614, 11 South 60. To the contrary, if the profits are merely speculative, conjectural, or too remote. Lowy v. Rosengrant, 196 Ala. 337, 340, 71 South. 439; C. of Ga. R. Co. v. Weaver, 194 Ala. 37, 69 South. 521; Dickerson v. Finley, 158 Ala. 149, 48 South. 548; Beck v. West, 87 Ala. 213, 6 South. 70; Brigham v. Carlisle, 78 Ala. 243, 56 Am. Rep. 28. It is declared that if the breach consists in preventing performance of the contract (without the fault of the other party whose duty it was to perform, and who is willing and able to perform), the damage consists of (1) the profits he would realize by performance of the whole contract, or (2) if no profits could be demonstrated, he could recover his reasonable expenditures and for loss of time, less the value of material on hand. Camody v. White, 206 Ala. 126, 89 South. 283; Lowy v. Rosengrant, 196 Ala. 337, 71 South. 439; Danforth v. T. & C. R. Co., 93 Ala. 614, 11 South. 60; Worthington v. Gwin, 119 Ala. 44, 24 South. 739, 43 L. R. A. 382; Jones v. Lanier, 198 Ala. 363, 73 South. 535.

[5] Defendant's plea numbered 10, to which demurrer was sustained, avers that the demand sued on is based on a contract made between the parties hereto in July, 1921, under and by which plaintiff agreed to locate a sawmill on the "Gilliland tract" of land, and saw thereon all timber delivered by the defendant at said sawmill from said land, and the timber on the Gulledge, McCain, Thornton, and Hardy lands, "all of which timber was within, to wit, one and one-half miles of said sawmill," and for the sawing of said timber defendant was to pay plaintiff $4 for each thousand feet of lumber when the same was delivered by the defendant to the Dixie Construction Company at the Coosa river, and when it was "checked and paid for by said company." It is averred in that plea that plaintiff located the mill and began the manufacture of the lumber under the contract (as he had agreed to do) soon after the same was made, and "continued to operate under the same" until about the last of November, 1921, at which time plaintiff breached the contract and ceased the manufacture of lumber and "did not saw any more lumber under said contract"; and at the time of said breach, and continuously prior thereto (from the time the contract was made to the time it was breached), defendant had performed all of the duties and obligations imposed on him under the con-

tract; had logged said mill, as he had agreed to do; had hauled, and was hauling and delivering, said lumber to said Coosa river to the Dixie Construction Company, as he had contracted to do, "and had paid plaintiff at said time for all the lumber sawed on said mill, which had been checked and paid for by said company" (meaning paid for by the Dixie Construction Company); and at the time of the breach of said contract, and continuously thereafter, the defendant was, and had been, ready, able, and willing to perform the contract on his part, and to do and perform all of the acts, things, and duties imposed upon him by the same, and would have done so, but for the breach thereof by plaintiff. The plea concludes with the averment that the demand sued on is for the contract price of $4 per thousand feet of lumber sawed by plaintiff, which had been paid for by the Dixie Construction Company to "defendant since, and after, plaintiff breached said contract as aforesaid."

The suit being on common counts, and not maintained on express contract (Will's Gould on Pleading [6th Ed.] p. 50), was subject to the matter sought to be set up in special plea numbered 10. However, such defense sought to be pleaded in bar in this suit was held, by the ruling of the circuit court, available under the general issue. Montgomery County v. Pruett, 175 Ala. 391, 57 South. 823; Mobile County v. Linch, 198 Ala. 57, 66, 73 South. 423.

There is a distinction between the instant pleading and that in Montgomery County v. Pruett, supra. The instant case involves the contract for the manufacture of logs into lumber by Varner and Hardy, to be delivered to and checked up by the Dixie Construction Company at a point distant from the sawmill, to which the lumber was to be transported by Varner. The payment therefor was to be made by the Dixie Construction Company. Thereafter payment for the sawing, at the rate of $4 per thousand feet, was to be made by Varner to Hardy. The plea sought to set up the contract and its abandonment by Hardy. This is very different from the construction contract in Montgomery County v. Pruett, supra, which was between the immediate parties; the county stipulating for the construction of its public roads, and Pruett contracting to do this work. There was no abandonment of the work, and only a failure by Pruett as to a collateral agreement, after construction of the county road made by him. The collateral agreement in Pruett's Case that was breached was that requiring that he give the county engineer "satisfactory evidence" that all persons who did work or furnished materials for said road construction, or who sustained damage or injury, had been paid, or secured, and to give notice prescribed of the final estimate, etc. In the instant case there was

a· complete abandonment of the contract on the part of the millman (Hardy) to manufacture into lumber the logs delivered, the timber therefrom to be delivered by Varner to the Dixie Construction Company. No question of the failure of a collateral agreement is presented in the instant case, as was the fact in Montgomery County v. Pruett, supra. This distinction was recognized to exist and adverted to in Mobile County v. Linch, 198 Ala. 57, 66, 73 South. 423.

[6] In Hartsell v. Turner, 196 Ala. 299, 71 South. 658, the observation is made that—

"While no claim can be founded upon an express contract which has not been fully performed, nor will the mere fact that part performance has been beneficial be considered as sufficient to charge the party benefited on a quantum meruit, still, if the party who has a right to insist on the full performance of such a contract has voluntarily accepted the benefit of partial performance, the modern doctrine, based upon principles of equity and right, holds him liable to pay for the advantage he has thus voluntarily accepted. Liability in such case is rested, not upon the original contract, but upon an implied agreement deducible from the delivery and acceptance of a valuable service or thing. The difficulty in cases of this character has been to determine how and *by what circumstances a voluntary acceptance may be shown.* Where the defendant can reject what has been performed *without detriment to himself,* he will be required to do so; but it would be requiring too much to compel him to abandon his own property because the plaintiff has incorporated his labor with it in a manner incompatible with the agreement." (Italics supplied.)

Such is this case; the lumber was defendant's property, sawed from his timber or logs, and to be delivered by him per contract to the Dixie Construction Company. The matter sought to be set up by defendant (Varner) in plea 10 was a complete answer to the common counts on the part of the plaintiff (Hardy), who is alleged to have completely abandoned the contract. The fact that Varner had, in compliance with his contract with Hardy, on the one hand, and the Dixie Construction Company, on the other, transported the lumber in question to the Coosa landing for the Dixie Construction Company, and received payment from the latter, as he was required under the contract to do, did not render Varner liable for such payment to Hardy, who is alleged to have completely abandoned the whole contract before such payment was made to defendant by the construction company. An implied agreement is not deducible from the act of delivery of the installment of lumber in question to the Dixie Construction Company per contract, and acceptance of pay therefor, as the "acceptance of a valuable service or thing" that brings the instant pleading within the rule of Montgomery County v. Pruett, supra. It is observed in Hartsell v. Turner, supra:

"Nor will the mere fact that part performance has been beneficial be considered as sufficient to charge the party benefited on a quantum meruit."

It is further required that the "party who has a right to insist on the full performance of such a contract has voluntarily accepted the benefit of partial performance," and holds himself "liable to pay for the advantage he has thus voluntarily accepted." The instant pleading is not within the rule of Montgomery County v. Pruett, supra, and Hartsell v. Turner, supra. The matter sought to be set up by the defendant's (Varner's) special plea 10 was a complete answer to the common counts on the part of the plaintiff, and should have been so pleaded.

[7] The breach of the special contract sought to be set up in plea 10, to which demurrer was sustained, was after such ruling susceptible of proof under the general issue. However, under the pleading as formed by sustaining demurrer to plea 10, assignments of error 18, 19, 20, 21, 22, and 24 were based on the action of the trial court in declining to permit defendant's counsel to show the terms of the special contract, the nature and extent thereof as affecting defendant, and his consequential damages by reason of its breach. Defendant stated in open court, on propounding the questions, what he expected the answers to show, and exceptions were duly reserved to the several rulings. Defendant's special pleas being eliminated by demurrer, and plaintiff's cause of action being based on and growing out of the special contract, he sought to prove his case by showing the breach of the contract as understood by him, and his acts thereunder tending to show performance of the contract in sawing the logs from the lands in question. It then became necessary for defendant to prove the contract as he understood it, and to show in the performance thereof what he did in procuring the purchase of the timber on the land in question, the cutting and hauling of that timber, etc., as performance of this contract duties. Defendant was of opinion that such defense, of plaintiff's complete abandonment of the contract in which these parties had an interest and important duties or functions to perform thereunder, should be specially set up, as he undertook to do in plea 10, and which was eliminated by sustaining demurrer thereto, and sought to give evidence of having obtained the timber rights on the several tracts of land required and provided by the contract, and to show the value thereof, as shedding light upon his performance of the contract and of his damage by reason of plaintiff's abandonment of the contract. This right he was denied by the court under the general issue.

It is apparent from the foregoing that error intervened in sustaining demurrer to plea 10;

and thereafter that there was reversible error in the exclusion of the foregoing material and competent evidence offered by the defendant. For this the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and MILLER, JJ., concur.