(127 So. 153)

### RAYMOND v. POINTER et al.

#### 7 Div. 941.

Supreme Court of Alabama.

March 20, 1930.

594

W. B. Raymond and John B. Isbell, both of Fort Payne, for appellant.

Chas. J. Scott, of Fort Payne, for appellees.

SAYRE, J.

Appellees had judgment against appellant for work and labor done in boring a well on the premises of the latter. The complaint was in the form of the common count for work and labor, to which was added allegation with a view to the declaration by the court of a lien on the premises. There was a demurrer to the sufficiency of the complaint in the last-mentioned aspect, but there is no need now to consider the ruling against it since the claim of a lien was not carried into the judgment for plaintiffs.

Plaintiffs bored a well one hundred and twenty-two feet deep, but defendant refused to pay for it, alleging that it was too crooked for good use—so crooked that it could not be cased. The court ruled against defendant's question to the witness Holcomb asking whether or not a well dug through forty feet of clay should be cased. The witness had been a "well driller" for six or seven years, and had cased wells. A witness may have expert knowledge of the ordinary affairs of life. The opinions of mechanics and artisans are received as evidence when they are gained by experience and acquaintance not common to others. Staples v. Steed, 167 Ala. 244, 52 So. 646, Ann. Cas. 1912A, 480; Alabama Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548. The answer of the witness, in connection with his testimony that any well bored through forty feet of clay, as was the well in question, should be cased, and that a crooked well could not be cased—the expected answer should have gone to the jury as tending in a measure to elucidate the dispute as to what sort of well plaintiffs had contracted to bore. Plaintiffs adduced evidence tending to show that knowledge of the fact that the well was crooked came to defendant's husband and agent while the boring was still in progress and with that knowledge he had directed plaintiffs to go ahead, thereby waiving the alleged defect, but that waiver was disputed, and defendant was entitled to evidence of every fact tending to shed light upon the issues thus presented to the jury for decision.

Charges refused to defendant proceed on the theory that plaintiffs could recover nothing unless the well was bored in accordance with the original agreement. But that principle was not due to be applied if defendant waived defects as they appeared, or accepted and made beneficial use of the well notwithstanding its alleged defects. Hartsell v. Turner, 196 Ala. 299, 71 So. 658, a case very similar to this in its facts.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.