157 So. 211

## HOWELL v. DODD.
### 8 Div. 596.

Supreme Court of Alabama.
Oct. 18, 1934.

Rehearing Denied Nov. 8, 1934.

394

E. W. Godbey, of Decatur, for appellant.

Eyster & Eyster, of Decatur, for appellee.

FOSTER, Justice.

This is an action by appellee against appellant for work and labor done and material furnished in repairing a planer, the property of defendant's testate, and at his instance and request. The common counts only were relied on. The account embraced items extending from February 7, 1928, to November 1928. Defendant's testate died June 10, 1929. The suit was filed August 19, 1931.

The plaintiff's evidence tended to show that the work was done and a statement of account furnished deceased before he died; that he inspected it, made no objection to the work nor the account, but expressed a willingness to pay it, and explained how he proposed to provide the funds. But he died without doing so. In the meantime, the planer remained in the custody of plaintiff, and no payment nor tender was ever made of the amount of the account nor of any amount in whole or partial settlement.

The defenses insisted on, and which appellant here argues, are (1) that plaintiff undertook to complete the job of overhauling the planer completely for $300 approximately, which was never fully done, and in no event should the amount exceed $300, and (2) that plaintiff removed from the planer two pulleys and sold them (of a value of, to wit, $15), and thereby rendered it unsuited to use as such, and was a conversion of the entire machine of a value more than the amount of the account; (3) that plaintiff placed the machine in the weather to corrode and deteriorate, and thereby converted it, when he should have kept it in the shop or under shelter for protection, and never completed the job, but retained it incomplete in his possession; (4) error in allowing in evidence the ledger sheet; (5) excluding certain evidence in respect to values offered by defendant; and (6) refusal to grant motion for a new trial.

We will, pursuant to our rules, treat and consider only those questions presented in the assignments of error which are argued in brief by appellant's counsel, in the order in which we have stated them.

1. There is no doubt of the principle of law that, if plaintiff made a contract to complete the work of overhauling the planer for a stipulated sum, he can only recover that sum, though the suit is on the common counts, Carbon Hill Coal Co. v. Cunningham, 153 Ala.

573, 44 So. 1016; Martin v. Massie, 127 Ala. 504, 29 So. 31; McCormick v. Badham, 204 Ala. 2 (17), 85 So. 401; Varner v. Hardy, 209 Ala. 575, 96 So. 860·; Maxwell & Delehomme v. Moore, 163 Ala. 490, 50 So. 882; and he cannot recover that sum nor any other unless he has completed the job, or the defendant has accepted it as being so done, or has waived its full completion, and has made use of plaintiff's work and material.

■ On all those questions, the evidence was such as to justify a finding contrary to the contention of appellant. To be more specific in this respect, we observe that there was evidence to support a conclusion that no stipulated sum,. even approximately, was agreed on. It was undisputed that plaintiff agreed to overhaul the machine, which means, as the evidence shows, that he was to do what was necessary to put it in good working condition and suitable to operate in a proper manner; and that he did not make and attach what is called a "back bed plate," on which the boards extending through· the planer are to be held in position until the operation is complete; and that such plate is a customary attachment in using such a planer efficiently. But the jury could find that the bed plate attached was left off in carrying it to plaintiff, and could infer that to make another was not contemplated by the owner, and that he saw the machine after its alleged completion, and made no claim that the plate was not added, nor other fault with the work as complete, but expressed a willingness to pay for the work.

■■ 2 and 3. Appellant's contentions in this respect involve the duty and rights of a mechanic's lienholder in respect to the machine on which he has contributed his labor and material while he is in possession, and while the account is past due and unpaid. The statutory lien is conferred by section 8863; Code, and it supplements, but .does not ·supplant, the common-law lien and rights existing under it. The remedy provided by statute must be enforced within six months after the demand becomes due. Section 8867, Code. But that is not the limit of the duration of the lien in respect to other remedies. So long as the machine repaired. is in the possession ·of the mechanic and his claim is due and unpaid, he may perform such acts in connection with it as he has the right at common law, and his duties in ·respect to ,it are measured by the same standard. His relation is that of a bailee for hire. 6 C. J. 1132, § 79; . Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944.

■ As such, he must observe the care which is imposed by common law and statute. Sections 6271 to 6274, Code; Ridgely Operating Co. v. White, 227 Ala. 459, 150 So. 693.

■■ He is due to observe ordinary care to prevent loss or injury. If he voluntarily causes injury by disposing of the two pulleys, he is liable for their value as a part of the machine, or rather the depreciation of the machine thereby sustained. The court made this claim clear to the jury. Defendant is only due to be reimbursed to the extent of such loss, and not for the value of the whole machine, unless the whole is thereby rendered worthless. Symphony Player ·Co. v. Hackstadt, 182 Ky. 546, 206 S. W. '803, 1 A. L. R. 1648.

This was about four years after the work was alleged to have been completed and: after the suit was filed, and the jury could find from the evidence that it did not.render worthless the whole machine.

■ Likewise, if there was loss to the machine by negligence in allowing it to be placed and remain in the open without protection from the weather, such loss was an item of damage due to be allowed defendant upon proper plea and proof. But it was not, as defendant contends, such a conversion as to allow defendant its full value, in the absence of proof that it was thereby rendered worthless, and then only when plaintiff was due to protect it in the use of ordinary care. There is no reversible error in the rulings of the court with respect to that claim.

■ 4. There is no assignment of error which we observe relating to the rulings of the court in respect to the admission of the ledger sheet, and counsel have not .pointed out such an assignment.

■■ 5. This relates to the first and second assignments of error. The questions to which the assignments relate do not show that injury resulted from the rulings. Defendant did not disclose the substance of the evidence which he proposed to follow the preliminary inquiries. Injury will not be presumed but must be affirmatively disclosed. Flowers v. Graves, 220 Ala. 445, 125 So. 659; Morgan Hill Paving Co. v. Pratt City Sav. Bank, 220 Ala. 683, 127 So. 500; Berry v. Dannelly, 226 Ala. 151, 145 So. 663; Alaga Coach Line v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A. L. R. 470.

6. In our judgment, the verdict should not be vacated on the claim that it is not properly supported by the evidence or for other reasons argued by appellant.

We do not think reversible error is made to appear in this record, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.