166 So. 772

**BAIN v. WALKER.**

6 Div. 797.

Supreme Court of Alabama.

Feb. 27, 1936.

Rehearing Denied April 9, 1936.

P. A. Nash, of Oneonta, for appellant.

St. John & St. John, of Cullman, and J. T. Johnson, of Oneonta, for appellee.

BOULDIN, Justice.

Joseph J. Bain held a mortgage on the farm of R. H. Walker. Upon default, the mortgage was foreclosed, and the property purchased in the name of the wife of the mortgagee. Pending the right of redemption, Mr. Bain negotiated a sale of the farm to Frank Jernigan at and for the sum of $3,000, about twice the amount of the mortgage debt. To consummate the deal with Jernigan, giving him an indefeasible title, Bain induced Walker to execute to Mrs. Bain a quitclaim deed to the property, in consideration of which Bain agreed that, after applying the $3,000 to the satisfaction of his mortgage debt, the residue would be paid over to Walker. On the execution of the quitclaim deed, the trade was closed with Jernigan in the form of a lease sale contract from Mr. and Mrs. Bain, price $3,000, payable in six annual installments of $500 each, bearing interest from date. Possession was delivered to Jernigan, who still holds the same. Jernigan failed to meet the installments of purchase money. Thereafter he and Bain rescinded the original contract, and Mr. and Mrs. Bain sold and conveyed to Jernigan the property by deed for a cash consideration of $1,500, which was paid, less a small balance, through a loan, which Jernigan, with Bain's assistance, obtained from the Federal Land Bank. Thereafter Walker instituted this suit to recover the alleged difference between $3,000 and the amount of the mortgage debt.

The trial was had on count 1, the common count, and a special count, No. 6.

The primary issue of fact was whether Bain entered into an unconditional contractual obligation with Walker, whereby, in consideration of a quitclaim deed, barring Walker's right of redemption, Bain should pay, or cause to be paid, the difference between $3,000 and the amount of the mortgage debt, or, as de-

fendant contends, it was a mere agreement to pay, if and when Jernigan should pay, with a further consent, on Walker's part, to the subsequent transaction between Bain and Jernigan.

Under the evidence, these were clearly issues for the jury.

■] The passing of the statutory right of redemption was a valuable consideration for such promise. Tolleson v. Henson, 207 Ala. 529, 93 So. 458.

■] According to plaintiff's version, he was in no way a party to any trade with Jernigan nor concerned with his meeting his contract with Bain. Walker admits knowing the purchase money was payable in installments, and his money would accrue with the maturity of the third and later installment. But this, under his version, did not imply any condition, but merely the date of maturity, under Bain's contract with him.

Walker having fully performed his contract by executing the quitclaim deed and surrendering possession to Jernigan, assuming, as we must, that the jury believed his version, nothing remained but an obligation to pay money at the time or times stipulated.

Such a demand is recoverable under the common count, and there was no error in the refusal of the affirmative charge. Varner v. Hardy, 209 Ala. 575, 96 So. 860.

■■ Special count 6 was filed by leave of the court after the evidence was in to meet the state of such evidence. If, subject to special demurrer, none was interposed raising the questions now insisted upon, viz., that it does not sufficiently aver the agreement in substance and effect and does not aver full compliance on the part of plaintiff. It does, in a way, aver both, and so states a substantial cause of action. If lacking in exactness, such defect must be pointed out by special demurrer, so that the plaintiff may amend, if need be. There was no error in refusing the affirmative charge to defendant on this count.

We find no error to reverse in any rulings presented for review. Howell v. Moon, 217 Ala. 421, 116 So. 518; Western Union Telegraph Co. v. Benson, 159 Ala. 254, 273, 48 So. 712.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.