# Maxwell & Delehomme *v.* Moore.

## *Assumpsit.*

(Decided June 17, 1909.   Rehearing denied Dec. 16, 1909.
50 South. 882.)

1. *Work and Labor; Non Performance; Quasi Contract.*—Where a party abandons a contract, leaving part of the work unperformed, he cannot recover on the common count upon a quantum valebat or quantuam meruit.

[Maxwell & Delhomme v. Moore.]

2. *Contract; Abandonment; Excuse.*—Plaintiffs having contracted to paint defendant's house, and having performed part of the contract, will not be excused from non performance of the rest of the contract because informed by the defendant's agent, that owing to a dispute between him and defendant, he would have nothing more to do with the contract, and that plaintiffs should get the confirmation of the defendant for any further work or material furnished by him.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Maxwell & Delehomme against Perry L. Moore, for work and material in painting a house. Judgment for defendant and plaintiff appeals. Affirmed.

FITTS & LEIGH, for appellant.—The contract was severable and not entire.—*Nonnington v. Wright*, 5 Fed. 768; *Worthington v. Gwin*, 119 Ala. 44; *Simms v. Ala. Brew. Co.*, 132 Ala. 311; *Davis v. Preston*, 6 Ala. 83; 4 Atl. 828. The contract being severable, recovery could be had.—*Kirkland v. Oates*, 25 Ala. 467. See also.— 13 N. Y. Supp. 552; 75 Ia. 550; 39 N. W. 887; 1 L. R. A. 655. The fact that partial payments on the material and labor were made from time to time rebuts the idea that the contract was entire.—*Partridge v. Forsight*, 29 Ala. 200. Recovery may be had upon an implied contract to pay the value of the labor and the material furnished under special contract where there had been no abandonment of the work without cause. —*Higgins Mfg. Co. v. Pearson*, 146 Ala. 532. This is especially true where performance has been prevented.—*Hall v. Gunter*, 47 South. 155; *Elec. L. Co. v. Elder Bros.*, 115 Ala. 153; *Kohn v. Verkintoren*, 90 Ala. 113. The plaintiff performed part of the work and the defendant accepted it, hence, he is liable for work and labor done although it did not amount to a complete performance of the special contract.—*Merriwether v. Taylor*, 15 Ala. 739; *Bell v. Teague*, 85 Ala.

215. The court erred in excluding the evidence and in giving the charge complained of.—*Spears v. Cross,* 7 Port. 438; *Driver v. Spence,* 1 Ala. 542. On rehearing appellants insist that plaintiffs were prevented from further performance, and that on the authority above cited plaintiffs were entitled to recover on the common count.

R.H. & R. M. SMITH, for appellee.—It is immaterial whether the court excluded the evidence for a right or a wrong reason. If its action was proper, its reasons are immaterial.—*Durden v. James,* 48 Ala. 33; 2 Enc. P. and Practice, page 372. If, when the evidence is closed, it is wholly insufficient to support the claim or defense, it may on motion be excluded.—3 Mayfield's Digest, 593; *Driver v. Spence,* 1 Ala. 540; *Spears v. Cross,* 7 Porter 437. When suit is brought on the common counts, and the proof discloses a cause of action the proper subject of a special count, objection may be taken by a motion to exclude the evidence, or by requesting instructions from the court that on such proof the plaintiff can not recover.—*Durden v. James,* 48 Ala. 33; *Clements v. Eslava.* 4 Porter 502; *Snedicor v. Leachman,* 10 Ala. 330. Where, upon direct examination, the testimony is given as if upon personal knowledge, but is subsequently shown on cross examination to be hearsay, it may be stricken out.—*Davis v. Arnold,* 143 Ala. 228; *Amer. Oak v. Ryan,* 112 Ala. 337; 12 Ency. Evidence, page 168. Illegal and irrelevant evidence may be excluded on motion at any stage of the proceedings.—*Edisto v. Stanford,* 112 Ala. 495. Where there is an express contract, the plaintiff cannot recover on an implied contract, except in three cases, viz: (1) When the express contract has been fully performed, and nothing remains but the payment of the price by the

defendant. (2) When it is shown that the defendant breached the express contract and thereby prevented plaintiff from performing its part, in which case the plaintiff recovers the reasonable value. (3) When the defendant has accepted the work as done.—*Carbon Hill v. Cunningham,* 44 So. 1016; *Martin v. Massie,* 127 Ala. 504; *Aarnes v. Winham,* 137 Ala. 513; 2 Mayfield's, page 257, § 327; 2 Mayfield's, page 258, § 333; 2 A. & E. Ency. Pl. & Pr. 1010-11. Though there is considerable conflict in the authorities, the decided weight of authority is that where there is an entire contract, and the plaintiff has performed a part of it, and without legal excuse and against the consent of the other contracting party, refuses to perform the remaining part, he is not entitled to recover anything for the part performed.—15 A. & E. Ency. Law (2d Ed.) 1087; 9 Cyc. 685. In Alabama, if plaintiff, after having commenced the work, abandoned it before completion, without sufficient cause, he cannot recover for the work and labor done.—*Carbon Hill v. Cunningham,* 44 So. 1016; *Martin v. Massie,* 127 Ala. 504; 15 A. & E. Ency. Law (2d Ed.) 1087. Where suit is brought on the common counts, and the general issue is pleaded, the plaintiff cannot recover if the evidence shows a special contract. It is not necessary to plead that the work was done under a special contract, the rule being that plaintiff cannot recover by proving a cause different from that alleged.—*Fuller v. Duren,* 36 Ala. 73; *Carbon Hill v. Cunningham,* 44 So. 1016; *Burkam v. Spiers,* 56 Ala. 549; *Durden v. James,* 48 Ala. 33; 9 Cyc. 749, A contract is entire when, by its terms, nature and purposes it contemplates and intends that each and all of its parts, material provisions and consideration, are common, each to the other, and interdependent.—7 A. & E. Ency. Law (2d Ed.) 95. Whether a contract is to

be considered as one whole, or as so many distinct con-
tracts, entered into at one time, depends upon the in-
tention of the parties.—*Sims v. Ala. Brewing Co.*, 132
Ala. 311; 2 Parsons on Contracts (8th Ed.) pages 633-
4; 7 A. & E. Ency. Law (2d Ed.) 95. But the mere fact
that the subject of the contract is sold by weight or
measure, and the value is ascertained by the price affix-
ed to each pound, or yard or bushel of the quantity con-
tracted for, will not be sufficient to render the contract
severable, and if the consideration to be paid is single
and entire, the contract must be held to be entire, al-
though the subject matter of the contract may consist
of several distinct and wholly independent items.—2
Parsons on Contracts (8th Ed.) pages 636-7.

McCLELLAN, J.—The contract here involved was
for the furnishing of the material and the work and la-
bor to apply it in painting a house for defendant (ap-
pellee). The contract was not fully performed by
plaintiffs—on the contrary, was abandoned by them
when approximately 15 per cent. of it was unperform-
ed. The common counts, as here, cannot, under such
circumstances, be employed to recover upon a quan-
tum valebat or quantum meruit for the outlay made by
plaintiffs.—*Carbon Hill Co. v. Cunningham*, 153 Ala.
573; 44 South. 1016; *Martin v. Massie*, 127 Ala. 504, 29
South. 31, and authorities therein cited.

The judgment is affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., con-
cur.

## ON REHEARING.

PER CURIAM.—The insistence of the movant for
rehearing, that full performance of the contract was
prevented by Biggers, as the representative of Moore,

was necessarily considered and decided on the original hearing, and the ruling that plaintiff had abandoned the contract was made in denial of the matter now urged as a reason for rehearing. The evidence, in this connection, shows only that Biggers informed plaintiffs of his (Biggers') purpose to have nothing to do with the contract, and advised plaintiffs to get Moore's confirmation of further work done or material furnished by them; and it readily appears that this attitude of Biggers' was the result of disagreement with Moore. No act or word of Moore's is shown from which it could be concluded that Moore did or said aught to justify plaintiffs in failing or refusing to fully perform the contract.

The rehearing is denied.

