61 So.2d 142

## BLYTHE v. EMBRY.

### 5 Div. 385.

Court of Appeals of Alabama.
Oct. 28, 1952.

Richard H. Cocke, Alexander City, for appellant.

Tom F. Young, Alexander City, for appellee.

**HARWOOD, Judge.**

The complaint below was in the common counts. The defendant entered a plea of general issue in short by consent. The jury returned a verdict in plaintiff's favor and fixed his damages at $400. Defendant's motion for a new trial being overruled an appeal was perfected to this court.

The plaintiff testified that he and defendant had entered into an oral contract whereby plaintiff was to do certain grading on some land owned by the defendant.

According to the plaintiff the defendant wanted his tract of land graded so that it would have an eighteen inch crown, "the water draining both ways." The plaintiff at first wanted to do the job by the hour, but defendant wanted to know what it would cost. The plaintiff then told him he would do the job for $2,400, provided that if the the lower part of the lot did not drain out after the ditching then the grade could be raised. Plaintiff asserts that the defendant then told him keep up with what it cost to do the ditching, "and if it doesn't drain out where we can go ahead with it, the work, I will pay you off."

Plaintiff testified that he did do the ditching, keeping up with the costs thereof. The ditching however did not render the low places on the tract dry enough to work them with a tractor, as a tractor would not "stand up in there."

At this point the plaintiff asserted that the defendant insisted that he go on with the original plan to put in an eighteen crown, and would not permit plaintiff to raise the grade, which plaintiff offered to do. The plaintiff thereafter rendered the defendant a bill for $452 for the cost of the ditching.

The defendant testified that the plaintiff was to grade the lot, and put an eighteen inch crown thereon for $2,400; that the plaintiff did some preliminary ditching, then abandoned the work, and never did finish the work; and that the partial performance on plaintiff's part resulted in no benefit to him, the defendant.

The appellant (defendant below) has made three assignments of error. They all however relate to the court's refusal to give certain charges requested by the defendant, these charges being affirmative in nature.

It is the contention of counsel for appellant that error resulted from the refusal of such charges for the reason that the case is within the doctrine that where a party, without sufficient cause, abandons a contract, leaving unperformed the work contracted for, he cannot recover on the common counts; such recovery being permitted only where the contract has been fully executed and nothing remains but the payment of money. See Varner v. Hardy, 209 Ala. 575, 96 So. 860; Maxwell and Delehomme v. Moore, 163 Ala. 490, 50 So. 882.

Such argument is based on the assumption that the contract in this case is entire.

However, under appellee's version of the contract the sum of $2,400 was to be paid for the work, provided the preliminary ditching rendered the lower areas dry enough to permit the tractors to work therein. If not, the grade was to be raised rather than completing an eighteen inch crown. The progress of the work was to be determined after the ditching, and appellee was to keep up with the cost of the ditching and be paid therefor if the work was abandoned at this stage.

The consideration to be paid, and not the subject or thing to be performed, determines whether a contract is entire or severable. If it is expressly, or by implication, apportioned, the contract is severable. Kirkland v. Oates, 25 Ala. 465.

Thus, if appellee's version be accepted, the contract was severable, and he was entitled to treat appellant's insistences that he proceed to place the eighteen inch crown, despite appellee's claim that same was not their agreement and could not be done because of the wet condition of the

598

lower areas even after ditching, as a re-scission of the contract. The appellant, under his version of the contract, had performed in full a severable portion thereof. He was therefore entitled to maintain an action on the appropriate common counts in assumpsit as to this severable portion.

Under the appellant's version the contract was an entire one.

There is no ambiguity in either version of the contract. There is however a direct conflict as to which was the real contract. This contradiction presented a question of fact for the jury. Southern Iron & Equipment Co. v. Holmes, 164 Ala. 517, 51 So. 531. Under appellee's testimony, which from the verdict was apparently the evidence accepted by the jury, the court correctly denied the appellant's requested charges which were affirmative in nature.

Affirmed.