The plaintiffs, AC, Inc.; Robinson's Printing Company, Inc.; and D.G. Robinson Corporation (successor to Robinson's Printing), appeal from a summary judgment in favor of the defendants, Leon C. Baker; S. David Johnston; and Johnston, Joyce Wiginton ("JJW"), in an action alleging breach of contract, unjust enrichment, and breach of warranty. We affirm.
Johnston is a certified public accountant and a partner in the accounting firm of JJW. The plaintiffs allege that beginning before 1981, and continuing thereafter, Johnston performed accounting services for them. Baker is an attorney, licensed to practice in New York, specializing in tax law; in addition, he is the sole owner and employee of Coleman Leasing Corporation ("Coleman"). In 1981, AC and Robinson's Printing entered agreements, separately, with Coleman to purchase computer equipment from it. Each plaintiff contends that it purchased this equipment solely in reliance on promises made by Johnston, JJW, and Baker that ownership of the equipment would provide legitimate tax deductions, through depreciation and interest expenses, to reduce each plaintiff's tax liability for the years 1981 through 1985. Under those 1981 purchase agreements, AC promised to pay Coleman $720,000, and Robinson's Printing promised to pay Coleman $100,000. Final payments under both contracts were made on December 31, 1992.
In 1986, the Internal Revenue Service ("IRS") and the Alabama Department of Revenue audited the plaintiffs' tax returns and disallowed the income tax deductions related to the computer equipment for all of the years 1981 through 1985. On September 4, 1991, the plaintiffs filed this action against Johnston, JJW, and Baker, alleging breach of contract, unjust enrichment, and breach of warranty.[1] The defendants moved to dismiss this action. Pursuant to Rule 12(b)(6), Ala.R.Civ.P., the trial court treated the defendants' motion as a motion for a summary judgment, and entered a summary judgment as to all claims except the breach of contract claims against Johnston and JJW based on their preparation of the plaintiffs' 1985 tax returns, holding that the statute of limitations barred all other claims.[2] The trial court then made its judgment final pursuant to Rule 54(b), Ala.R.Civ.P. The plaintiffs appealed.
The plaintiffs present two issues for review: (1) whether the trial court erred in *Page 333 
treating the defendants' motion to dismiss as a motion for summary judgment when the defendants offered no evidence specifically supporting their statute of limitations defense; and (2) whether the summary judgment was improper as to the breach of contract and breach of warranty claims. Because the plaintiffs make no argument regarding the propriety of the summary judgment as to their unjust enrichment claim, we affirm the judgment as to that claim.
 I. Dismissal Treated as a Summary Judgment
We hold that the trial court did not err in treating the defendants' motion to dismiss as a motion for a summary judgment. Even though the defendants presented no evidence specifically supporting their statute of limitations defense, counsel for both parties submitted affidavits, legal memoranda, letter briefs, and correspondence outside the pleadings, and the trial court considered those items in ruling on the defendants' motion to dismiss. Thus, the trial court's action was proper under Rule 12(b)(6), Ala.R.Civ.P.; see Garris v.Federal Land Bank of Jackson, 584 So.2d 791, 793 n. 1 (Ala. 1991); Underwood v. Allstate Ins. Co., 590 So.2d 258 (Ala. 1991).
 II. Validity of the Summary Judgment
"In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact" and whether the movant was "entitled to a judgment as a matter of law." Bussey v. John Deere Co.,531 So.2d 860, 862 (Ala. 1988) (citing Chiniche v. Smith,374 So.2d 872 (Ala. 1979)); Rule 56(c), Ala.R.Civ.P. When the movant has carried the burden of making a prima facie showing, by admissible evidence, that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the party opposing the summary judgment motion has the burden of presenting substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989); Ala. Code 1975, §12-21-12. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989); Ogle v.Long, 551 So.2d 914, 915 (Ala. 1989).
Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant, resolving all reasonable doubts against the movant.Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990); Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986); Harrellv. Reynolds Metals Co., 495 So.2d 1381, 1383 (Ala. 1986).
The plaintiffs' breach of contract claims and breach of warranty claims are based on various oral and written contracts between the plaintiffs and the defendants. We will discuss these contracts in connection with each of the plaintiffs' claims. The statute of limitations for a claim based on a contract is six years. Ala. Code 1975, § 6-2-34(9). This six-year period begins to run when the contract is breached.Stephens v. Creel, 429 So.2d 278, 280 (Ala. 1983); Lipscomb v.Tucker, 294 Ala. 246, 258, 314 So.2d 840, 850 (1975).
 A. Breach of Contract
1. Johnston and JJW
This Court has held that when an accountant enters into an express agreement to perform his duties in accordance with generally accepted accounting principles and fails to meet this standard, the other party to the contract may sue alleging breach of contract. Blumberg v. Touche Ross Co.,514 So.2d 922, 925 (Ala. 1987). For purposes of this appeal, we accept the plaintiffs' uncontroverted allegations that for the tax years 1981 through 1985, AC and Robinson's Printing had express agreements with Johnston and JJW that the latter would prepare and review the plaintiffs' income tax returns. We also accept, for the purpose of reviewing the *Page 334 
summary judgment, the plaintiffs' allegations that Johnston and JJW breached those agreements by recognizing deductions related to computer equipment that were not legitimate. In determining the propriety of the trial court's holding that the six-year statute of limitations barred the plaintiffs' breach of contract claims, except those claims based on the 1985 tax returns, we find ourselves faced with an issue of first impression in this State: whether the nature of the plaintiffs' agreements, as either entire contracts or separate contracts, impacts on the running of the statute of limitations.
 "If there is a single assent to a whole transaction involving several things or acts, there is only one contract; if there are separate assents to several things, there is more than one contract.
 "In the determination whether a particular transaction results in one entire contract or in several separate contracts, the intention of the parties is to be ascertained from the whole instrument viewed in connection with the conditions when the contract was made. . . . [A]n important factor in the determination of whether an instrument represents a single entire contract or several separate contracts is whether the consideration is stated to be given for each part as a separate unit or whether there is a single consideration covering various parts."
17A Am.Jur.2d Contracts § 390 (1991); see Kirkland v. Oates,25 Ala. 465, 467 (1854); Blythe v. Embry, 36 Ala. App. 596, 597,61 So.2d 142, 143 (1952).
If the agreements in this case constituted several, separate annual agreements under which Johnston and JJW prepared and reviewed the plaintiffs' tax returns from 1981 to 1985, then a breach of contract action accrued on each contract, individually, for purposes of the six-year limitations period, when performance under each contract was complete. Cannell v.Bulicek, 8 Ohio App.3d 331, 457 N.E.2d 891, 896 (1983);Intermedics, Inc. v. Grady, 683 S.W.2d 842 (Tex.App. 1984). Under this interpretation of the parties' contractual relationships, the trial court's judgment would be affirmed, because the statute of limitations would bar all of the plaintiffs' breach of contract claims except the claims based on the 1985 tax returns.
However, each plaintiff contends that the accounting services performed by Johnston and JJW from 1981 to 1986 and related to deductions taken on computer equipment should be treated as services rendered under an entire contract, spanning continuously from 1981 to 1986. Further, we infer from each plaintiff's argument that each is contending that if its relationship with Johnston and JJW constituted an entire contract, then the six-year limitations periods for its breach of contract action would not begin to run until April 15, 1986, when the last returns claiming deductions were filed. SeeEstate of Cass, 753 S.W.2d 632 (Mo.App. 1988) (if the services contracted for are properly characterized as single, entire, and continuous in nature, a contract cause of action accrues on the last date upon which services were performed).
Although this Court has never addressed a continuing contract argument such as the one the plaintiffs in this case touch upon, several courts have recognized a "continuing contract" doctrine for determining when a breach of contract action on an entire contract accrues for limitations purposes. This doctrine has been applied most often to cases concerning payment for performance of services, to determine when the plaintiff's right to sue for payment occurred.[3] *Page 335 
However, this is not an action seeking compensation for services rendered; rather, AC and Robinson's Printing seek recovery for harm incurred from allegedly erroneous tax advice. An application of the "continuing contract" doctrine to this case would toll the running of the limitations period until the last time the plaintiffs acted upon the defendants' advice. Further, although this Court has never applied a "continuing contract" doctrine, it has recognized, in certain situations, a "continuing tort" doctrine that operates to toll the running of the limitations period in tort cases until the date that the last injury occurred.[4] However, this Court has expressly limited "recovery for a continuous tort . . . to those damages that occurred within the period of limitations." McDonald, 567 So.2d at 1216 (citing Garrett, 368 So.2d at 521); see American MutualLiability Ins. Co. v. Agricola Furnace Co., 236 Ala. 535,183 So. 677 (1938); Howell v. City of Dothan, 234 Ala. 158,174 So. 624 (1937). Too, despite the possibilities presented by the plaintiffs' continuing contract argument, this case presents no compelling reason that would dissuade us from placing a similar limitation upon a "continuing contract" action, limiting it to those breaches that occurred during the six years before the action was filed. We, therefore, decline to apply a "continuing contract" doctrine at this time.
Alternatively, the plaintiffs argue that the limitations period applicable to their breach of contract claims did not commence running until the IRS in 1986 disallowed their deductions related to the computer equipment. Admittedly, the plaintiffs did not incur any actual damage until the IRS disallowed their deductions; however, the incurring of actual damages marks the commencement point for the running of the two-year limitations period applicable to professional malpractice actions. See Leighton Ave. Office Plaza, Ltd. v.Campbell, 584 So.2d 1340 (Ala. 1991); Stephens,429 So.2d at 281. The statute of limitations on a contract action runs from the time a breach occurs rather than from the time actual damage is sustained. Stephens, 429 So.2d at 280.
Accordingly, although the plaintiffs have made well reasoned and able presentations of authority supporting their claimed right to pursue a remedy for all of the contracts allegedly breached by Johnston and JJW, we conclude that the trial court properly held that the only claims not barred by the statute of limitations were the plaintiffs' breach of contract claims based on their 1985 tax returns. Therefore, we affirm the summary judgment for Johnston and JJW as to the plaintiffs' breach of contract claims against them.[5]
2. Baker
We infer from the record that the plaintiffs' breach of contract claims against Baker are based upon the plaintiffs' written agreements with Coleman to purchase computer equipment. However, the plaintiffs do not allege that those agreements contained any express representation regarding tax liability, and they do not allege that Coleman failed in any way to perform its obligations under those agreements. They allege only that Baker, in connection with the purchase agreements, made oral promises regarding the plaintiffs' ability to deduct depreciation and interest expenses related to the computer equipment from their adjusted gross income. Those promises are also the basis for the plaintiffs' breach of warranty claims. For this reason, notwithstanding the ingenuity of the plaintiffs' arguments we find their breach of contract claims against Baker to be indistinguishable *Page 336 
from their breach of warranty claims against him and, for reasons discussed below, we conclude that both claims are barred by the six-year limitations period.
 B. Breach of Warranty
The plaintiffs' breach of warranty claims against all of the defendants are based on warranties allegedly made by the defendants in 1981, regarding the deductibility of depreciation and interest expenses on the computer equipment. When a contract of warranty relates to an existing fact or event, a party's right to commence an action for breach arises when the contract is made. Stephens, 429 So.2d at 282-83 (citing Vilordv. Jenkins, 226 So.2d 245, 247 (Fla.Dist.Ct.App. 1969)). However, when the warranty relates to a future fact or event, a party's right to commence an action does not arise until the happening or failure of that event. Id.
The plaintiffs argue that the defendants' warranties regarding the legality of tax deductions related to the computer equipment were warranties regarding future events, specifically, the recognition of those deductions in future years and the approval of those deductions by the IRS. They contend the six-year period of limitations applicable to their breach of warranty claims began to run in 1986 when the IRS disallowed their deductions.
The warranties regarding tax liability were based on the Internal Revenue Code as it existed in 1981. For this reason, we conclude that the warranties related to existing facts, and, if erroneous, were erroneous when they were made, in 1981. Accordingly, the limitations period applicable to the plaintiffs' breach of warranty claims began to run in 1981.Stephens, 429 So.2d at 282.
Although we sympathize with the plaintiffs' difficulties in discovering the alleged breach of warranty in 1981, we believe that they had ample opportunity to pursue other theories of recovery before 1991, when this action was filed. Because the plaintiffs did not file their breach of warranty claims until 1991, the statute of limitations barred those claims, and the trial court's judgment for the defendants as to those claims was proper.
AFFIRMED.
MADDOX, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] The plaintiffs offer no explanation for their delay in filing this action.
[2] The returns for 1985 were filed on April 15, 1986.
[3] See Davis Cox v. Summa Corp., 751 F.2d 1507 (9th Cir. 1985);Intermedics, Inc., 683 S.W.2d at 842; Gaylord Hospital v.Massaro, 5 Conn. App. 465, 499 A.2d 1162 (1985); Singer Co.,Link Simulation Syst. Division v. Baltimore Gas Elec. Co.,79 Md. App. 461, 558 A.2d 419 (1989); Pioneer Roofing Co. v.Mardian Construction Co., 152 Ariz. 455, 733 P.2d 652 (Ariz.App. 1986); Annotation, Running of Statute of LimitationsAgainst a Claim for Services Rendered Over Extended PeriodUnder Indefinite Employment Not Fixing Time For Payment, 7 A.L.R.2d 198 (1949). In such cases, a breach does not accrue, and the statutory period of limitations does not begin to run, until all services have been performed. Intermedics, Inc.,683 S.W.2d at 845; Gaylord Hospital, 5 Conn. App. at 468-69,499 A.2d at 1163-64; Pioneer Roofing, 152 Ariz. at 463,733 P.2d at 660; Cass, 753 S.W.2d at 685.
[4] See Continental Casualty Ins. Co. v. McDonald, 567 So.2d 1208
(Ala. 1990) (worker's compensation action); City of Birminghamv. Cochrane Roofing Metal Co., 547 So.2d 1159 (Ala. 1989) (malpractice action against architect); Moore v. Averi,534 So.2d 250 (Ala. 1988) (medical malpractice action); Garrett v.Raytheon Co., 368 So.2d 516, 521 (Ala. 1979) (products liability action).
[5] The claims related to Johnston and JJW's preparation and review of the plaintiffs' 1985 tax returns are not before this Court on this appeal.