The sole issue presented is whether the trial court erred in striking the plaintiff's affidavit offered in opposition to the defendant's motion for summary judgment. The defendant's motion was supported entirely by the prior deposition testimony of the plaintiff, which, if considered apart from the plaintiff's affidavit, left the plaintiff defenseless against the charge that his activities for which he seeks damages violated Ala. Code 1975, § 34-27-30.[1]
The trial court's summary judgment order reads, in pertinent part, as follows:
 "This matter came on for hearing on April 1, 1993, with respect to 'Defendant's Motion for Summary Judgment.' [Here, the order lists the materials before the court, including the plaintiff's deposition and the plaintiff's affidavit.]
 "Having reviewed all of [the above] materials and having conducted independent *Page 948 
legal research, the court is satisfied that the activities and accomplishments for which the plaintiff was to be compensated, pursuant to the 'Consulting Agreement' at issue in this case, were such as to place him in violation of the prohibitions and proscriptions of Ala. Code 1975, § 34-27-30. The deposition testimony of the plaintiff, describing just what services on his part were covered by the consulting agreement, referenced activities clearly within the ambit of § 34-27-30, thus necessitating that the plaintiff be licensed as a real estate broker if he were to receive compensation for the same. It is undisputed that he was not so licensed, and, consequently, his claim for compensation is void and unenforceable.
 "The plaintiff seeks to avoid the effect of § 34-27-30 by 'recharacterizing,' in his said affidavit, the nature and focus of his 'consulting' activities. His affidavit, as argued and explained by his counsel during the April 1st hearing, seeks to separate [the plaintiff's] activities into two separate stages or transactions: [The plaintiff] argues that, initially, he and his construction company were going to lease the subject space in Bama Mall from G.C. Murphy Co., the tenant then in possession, and thereafter, as sublessee/assignee, further sublease in turn to WalMart. However, according to this scenario, '[b]efore all of the details were finalized, the owner [the defendant] wanted to lease directly to Wal-Mart instead of leasing to me [the plaintiff] with Wal-Mart as a sub-tenant' (second page of affidavit).
 "This situation and scenario are not alluded to by [the plaintiff] at any point during his 66-page deposition. He was asked a number of questions which reasonably should have provoked or prompted some mention by him of the sublease/assignment arrangement now put forward in his affidavit, but he never once made any reference to the same. Much of what he did discuss and describe in his deposition would be totally inconsistent with that arrangement. In that regard, the 'Motion to Strike' of the defendant is due to be granted and the [plaintiff's] affidavit stricken and disregarded. In opposing a motion for summary judgment, '[a] party may not create an issue of fact with an affidavit that merely contradicts that party's previous testimony without explanation.' Power Equipment Co. v. First Alabama Bank, 585 So.2d 1291, 1299 (Ala. 1991). In Doe v. Swift, 570 So.2d 1209 (Ala. 1990), the plaintiff sought to require payment through the State Employees' Liability Trust Fund of a judgment she had earlier obtained against a state psychologist for sexually assaulting her. The plaintiff appealed, and the opinion of the Alabama Supreme Court reads, in pertinent part, as follows:
 " 'The trial court, noting that the plaintiff's explanation for the inconsistencies between her affidavit and her earlier testimony [in the federal court proceeding] was inadequate, held that "[the plaintiff's] affidavit cannot be relied upon to create an issue of fact." The trial court further noted that the clear and unambiguous questions asked of the plaintiff at trial called for responses that she did not then give, but which she now gives in her affidavit. The trial court also noted that the plaintiff's responses at trial were clear and unambiguous. Therefore, the trial court held that it would not consider the plaintiff's affidavit in opposition to the defendants' cross-motions for summary judgment but that it would consider her earlier trial testimony.'
"Doe v. Swift, 570 So.2d at 1214.
 "The Supreme Court agreed with the trial court that the plaintiff could not be permitted to escape the effect of her earlier testimony.
 "Likewise, in the deposition before the court in this case, the clear and unambiguous questions asked of the plaintiff in his deposition call for responses that he did not then give, but which he now gives in his affidavit. His contradictory affidavit must, therefore, be disregarded; and the activities and services described in his deposition clearly place him in violation of § 34-27-30.
 "By argument presented at the April 1, 1993, hearing, the plaintiff's counsel contended that even if some of the activities *Page 949 
by the plaintiff, which were compensated by the consultation agreement, ran afoul of § 34-27-30, nonetheless, other activities were also included for which the plaintiff ought to be allowed to recover on some sort of apportioned basis, if not for the entire amount stipulated in the agreement. Although neither side 'briefed' this argument, defendant's counsel did submit a machine copy of Blythe v. Embry, 36 Ala. App. 596, 61 So.2d 142
(1952), in support of the proposition that the contract in question is entire, not severable or divisible, and therefore had to stand or fall as an entity. The court has read Blythe and also Village Inn Pancake House of Mobile v. Higdon, 294 Ala. 378, 318 So.2d 245 (1975). . . . [The Court stated] in Higdon, 'We hold that the divisibility of a contract depends on the intention of the parties as found from the apportionability of the contract's consideration, the subject matter and object of the entire contract, and any other pertinent facts surrounding its making. . . .' Higdon, 294 Ala. at 382, 318 So.2d at 249.[2] This court does not detect any 'apportionability' of the consulting agreement's consideration and does not otherwise find any indications that one portion or provision of the contract was to be severable from other portions or provisions.
 "Accordingly, based upon its finding that there are no genuine issues of material fact which relate to the enforceability of the 'Consulting Agreement,' and finding as a matter of law that the same is void and unenforceable by virtue of being in contravention of § 34-27-30, the court grants summary judgment in favor of the defendant. Costs herein are taxed to the plaintiff.
 "Done and ordered this the 19th day of April, 1993.
 "/s/ Robert B. Harwood, Jr. "Robert B. Harwood, Jr. "Circuit Judge"
We agree with the trial court's summary judgment order and we adopt that order as part of this opinion.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to §12-18-10(e), Ala. Code 1975, and it is hereby adopted as that of the Court.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL, KENNEDY, INGRAM and COOK, JJ., concur.
[1] Section 34-27-30 reads as follows:
"It shall be unlawful for any person . . . for a fee, commission or other valuable consideration, or with the intention or expectation of receiving or collecting a fee, commission or other valuable consideration from another, to do any of the following unless he is licensed under articles 1 and 2 of this chapter [Chapter 27 — Real Estate Brokers]:
"(1) Sell, exchange, purchase, rent, or lease real estate;
"(2) Offer to sell, exchange, purchase, rent, or lease real estate;
"(3) Negotiate or attempt to negotiate the listing, sale, exchange, purchase, rental, or leasing of real estate;
". . . .
"(7) Aid, attempt, or offer to aid in locating or obtaining for purchase, rent, or lease any real estate;
". . .; or
"(10) Present himself or be presented as being able to perform an act for which a license is required."
[2] We note that Higdon stated that the holding in Blythe was "inapt" to the facts and issues presented in Higdon.