HOUSTON, Justice.
Cynthia Sykes Harris appeals from a judgment in favor of William M. Sykes, as executor of the estate of Minnie Lee Sykes, deceased, and as trustee of a trust established by Minnie Lee Sykes’s will, in this action by William M. Sykes to obtain the trial court’s approval of a sale of certain real property belonging to the estate. We affirm.
Cynthia and William are the children of Minnie Lee Sykes and Theodore Sykes. This intrafamily dispute centers around a testamentary trust that Minnie Lee Sykes established for the benefit of her surviving husband, Theodore Sykes. William was the designated trustee, and the corpus of the trust consisted primarily of undeveloped real property. Shortly before Theodore Sykes died, William executed a contract to sell Gli-ma Sue Mullins 300 acres of estate property *381 lying east of Pike Road in Montgomery County. That same contract purported to grant Mullins an option to later purchase the remainder of the estate property, lying west of Pike Road. William attempted to close the sale after his father’s death; however, Cynthia objected to his selling the property. William then filed this action.
Cynthia argues that the real estate sales contract executed by William was unenforceable because of what she considers inadequate consideration and uncertainty in its terms. She also argues that William has mismanaged the estate’s assets and that the trial court abused its discretion in denying her motion to remove him as the executor. After carefully reviewing the record and the briefs, however, we conclude that there is no basis for reversing the judgment. The trial court found that the consideration was adequate; it made that finding after an ore tenus hearing at which it heard disputed testimony as to the fair market value of the property. That finding is not clearly erroneous. Robinson v. Hamilton, 496 So.2d 8 (Ala.1986). In addition, the record does not indicate such uncertainty in the terms of the contract as to make it unenforceable. Although the contract was inartfully drafted, all of the essential elements of a contract were present — an agreement to sell, consideration, two contracting parties, a legal object, and capacity. To the extent that some of the terms of the contract were ambiguous when the contract was executed, they were rendered certain shortly thereafter when the dosing documents were prepared. See Shirley v. Lin, 548 So.2d 1329 (Ala.1989). Furthermore, because William has yet to complete the final accounting of the estate’s finances, we cannot hold that the trial court abused its discretion in refusing at this time to remove him as the executor.
For the foregoing reasons, the judgment is affirmed.[1]
AFFIRMED.
HORNSBY, C.J., and ALMON, INGRAM and BUTTS, JJ., concur.

. We express no opinion as to the validity of the option purportedly granted by William to Mullins for the purchase of the property lying west of Pike Road. That property, which surrounds a house that was the residence of Theodore and Minnie Sykes for a number of years, appears to be a homestead, and William’s capacity to enter into a contract for its sale, without the consent of his father, is questionable. See Sims v. Cox, 611 So.2d 339 (Ala.1992). The record indicates that the trial court approved the sale of the estate properly lying east of Pike Road. The portion of the contract dealing with the sale of the property lying east of Pike Road was severable and enforceable. See Blythe v. Embry, 36 Ala.App. 596, 61 So.2d 142 (1952).