Samuel N. WEXLER, Plaintiff,

v.

WEX–TEX MANUFACTURING CORPO-RATION'S PENSION PLAN AND TRUST AGREEMENT; William New-burg; William S. Duke, Defendants.

Civil Action No. 96–D–1366–S.

United States District Court,
M.D. Alabama,
Southern Division.

Oct. 1, 1997.

W. Terry Travis, Montgomery, AL, for Plaintiff.

Edward M. Price, Jr., Joel William Weath-erford, Dothan, AL, for Defendants.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Pending before the court is Plaintiff's mo-tion for Leave to Amend Complaint, filed July 3, 1997, which, pursuant to Federal Rules of Civil Procedure 15(a) the court finds is due to be granted. Also before the court is Defendants' motion for summary judg-ment, filed June 12, 1997. Plaintiff filed a response in opposition on July 2, 1997, and Defendants filed a reply on July 11, 1997. After careful consideration of the arguments of counsel, relevant law and the record as a whole, the court finds that Defendants' mo-tion is due to be denied.

## JURISDICTION

Pursuant to 29 U.S.C. § 1132(e)(1) (Employee Retirement Income Security Act ("ERISA") § 502(e)), the court properly exercises subject matter jurisdiction. The parties do not contest personal jurisdiction or venue.[1]

## FACTUAL BACKGROUND

Plaintiff Samuel Wexler was employed by Wex–Tex Manufacturing Corporation ("Wex Tex") from approximately 1953 through 1977. Wex–Tex is a Delaware Corporation with its principal place of business in Ashford, Alabama, and is a fiduciary or administrator of Wex–Tex Manufacturing Corporation's Pension Plan (hereinafter "Pension Plan"), which is a qualified employee pension plan within the meaning of 29 U.S.C. § 1002(2)(A) and § 1002(35) ("ERISA").

During the years 1973 through 1977, Plaintiff was an owner, officer and employee of Wex–Tex, serving as President and General Manager of Wex–Tex of Headland, Inc, and Secretary/Treasurer of Wex–Tex of Samson, Wex–Tex of Ashford, and Wex–Tex of Dothan. In his position, Plaintiff assumed ultimate responsibility for payroll and administrative duties, and served on the Pension Plan Committee. Wexler Dep. at 13–16.

During his employment from 1973 through 1977, Plaintiff's employment contract with Wex–Tex of Headland, Inc., provided for compensation in the form of a base salary of $114,000, plus an "incentive bonus" equal to 50% of the net profits of the corporation. Compl. ¶ 8; Pl.'s First Amend. Compl. ¶ 25. Plaintiff also had employment contracts with the Wex–Tex Ashford, Dothan, and Samson entities, for which he received compensation. Pl.'s First Amended Compl. ¶ 23, 26, 27, 28. During his employment by Wex–Tex, Plaintiff was a "qualified employee" under the Pension Plan. Compl. ¶ 3. The Pension Plan calculated employee benefits based upon a percentage of the employee's average monthly compensation, defined as:

> the average amount of fixed salary and wages you were paid per month ... this amount includes incentive pay, but does not include compensation or overtime or bonuses, or employer contributions to employee benefit plans.

Summary Plan Description, Wex–Tex Manufacturing Corporations Employees Pension Plan, attached as Ex. 3 to Dep. of William S. Duke, at 2.

Beginning in 1977, Plaintiff began receiving annual Certificates of Participation stating that the monthly compensation used to calculate his pension plan benefits was $9500, an amount equal to the base salary under his contract with Wex–Tex of Headland, Inc., and excluding any compensation received from his incentive bonuses or his contracts with the other Wex–Tex entities. Wexler Dep. at 32.

In his position as Plant Manager at Wex–Tex of Headland, Plaintiff was ultimately responsible for the company's pay roll and employer contributions to the Pension Plan. Wexler Dep. at 13–16. Although ultimately responsible, Plaintiff states that he never looked over or "double-checked" the pension plan information that was sent from Wex–Tex to the Pension Plan actuary, *Id.* at 15–16; he trusted his employees to fill out the forms accurately. In his role as plant manager, Plaintiff himself signed the form in which the basis of Wex–Tex's contribution to the Pension Plan on his behalf was calculated. *Id.* 28–29.

Beginning in 1988, Plaintiff made inquiries into the monthly compensation level used to calculate his pension benefits. He made a formal inquiry on November 8, 1995. On that date, Plaintiff's counsel requested information regarding Plaintiff's future benefits under the terms of the plan. The letter stated, in relevant part:

---

1. The court notes that on September 23, 1996, Defendants filed a motion to dismiss for improper venue, or, in the alternative, to transfer to the United States District Court for the Middle District of Alabama, Southern Division. The court denied this motion without prejudice, on October 22, 1996. Defendants were free to renew the motion after completion of discovery. However, as this case was originally filed in the Southern Division, and is presently on the Southern Division docket, Defendants' venue concerns are moot.

Please consider this a formal request for information and a demand on the plan to calculate Mr. Wexler's pension benefits using his total gross salary for the years in question.

November 8, 1995 Letter, attached as Ex. 6 to Pl.'s Submission in Opp. to Def.'s Mo. for Summ. J.(hereinafter "Nov. 8 Letter").

On February 29, 1996, in a meeting between Wex–Tex and Plaintiff's attorney, Defendants informed Plaintiff that they did not intend to make any additional contributions for the incentive bonuses excluded from the pension contribution. Ex. 10, March 1, 1996 letter to Wex–Tex.

On August 29, 1996, Plaintiff filed this action, pursuant to 29 U.S.C. § 1000 *et seq.* ("ERISA"). Specifically, Plaintiff contends that Defendants failed to contribute to his pension plan an appropriate amount based on his employment with Wex–Tex of Headland, and that Defendants erroneously, negligently, wantonly or intentionally misinterpreted Plaintiff's employment contract and/or the plan to Plaintiff's detriment, in violation of ERISA. Compl. ¶ 19, 32. Plaintiff's First Amended Complaint also alleges that Defendants failed to contribute both the base salary and incentive pay owed him for his employment with Wex–Tex of Ashford, Wex–Tex of Samson and Wex–Tex of Dothan. Pl.'s First Amended Compl. ¶ 30. Plaintiff further contends that Defendants violated ERISA § 503, by failing to provide Plaintiff with the "opportunity for a full and fair review of his claim and for failure to provide the necessary information required for adequate notice." Compl. ¶ 18. Defendants move for summary judgment, contending that Plaintiff's claims are time barred under the applicable statute of limitations.

### SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *see also Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions in the file, together with affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *see also* Fed.R.Civ.P. 56(e).

In meeting this burden the nonmoving party "must do more than simply show that

there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.; see also Anderson*, 477 U.S. at 249.

## DISCUSSION

ERISA § 502(a)(1)(B) provides a cause of action for participants and beneficiaries to recover benefits, enforce rights, or clarify rights to future benefits, under the terms of an employer benefit plan. 29 U.S.C. § 1132(a).

ERISA § 503 requires that every employee benefits plan shall:

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant,

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by the appropriate named fiduciary of the decision denying the claim. 29 U.S.C. § 1133.

If a participant does not receive the notice and review to which she is entitled under ERISA § 503, the participant may bring a civil enforcement action under §§ 502(a)(3) and (e).[2] 29 U.S.C. § 1132(a)(3).

■ Neither 29 U.S.C. § 1132(a) nor the substantive provisions of ERISA upon which the Plaintiff's claim is based expressly provides a limitations period. Because there is no federally-mandated period of limitations for such claims, courts generally look to the most analogous state limitations period consistent with ERISA's purposes and policies in determining the time within which a suit must be brought. *Byrd v. Mac Papers, Inc.*, 961 F.2d 157, 159 (11th Cir.1992). Characterization of the essential nature of the ERISA action is a matter of state law. *Id.; see also, Clark v. Coats & Clark*, 865 F.2d 1237, 1241 (11th Cir.1989); *Blue Cross & Blue Shield v. Weitz*, 913 F.2d 1544, 1551 n. 12 (11th Cir.1990).

■ ERISA § 503 sets certain minimum requirements for the claims procedures that plans are required to follow in processing benefits claims brought by participants and beneficiaries. 29 U.S.C. § 1133; 29 C.F.R. § 2560.503–1(g). The Eleventh Circuit has clearly held that plaintiffs must exhaust these procedures before suing under an ERISA plan policy. *Byrd*, 961 F.2d at 160; *Merritt v. Confederation Life Ins. Co.*, 881 F.2d 1034, 1035 (11th Cir.1989); *Mason v. Continental Group, Inc.*, 763 F.2d 1219 (11th Cir.1985), *cert. denied*, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986). Thus, because a plaintiff does not have a valid cause of action under ERISA until the available administrative remedies have been exhausted, the statute of limitations does not begin to run until that point. *See Doe v. Blue Cross & Blue Shield of Wisc.*, 112 F.3d 869 (7th Cir.1997).

■ Plaintiff filed his complaint pursuant to ERISA § 502(a)(1)(B). Additionally, he states a claim under § 502(a)(3), by alleging that Defendants failed to comply with the requirements of § 503 of ERISA.[3] Plaintiff contends, and the court finds, that Plaintiff's cause of action is in the nature of a contract action. Pl.'s Br. in Opp. to Def.'s Mo. for Summ. J. at 7. In Alabama, the statute of limitations on a contract action is six years, running from the date the contract was

---

**2.** ERISA § 502(a)(3) provides:
  (a) Persons empowered to bring civil action
    A civil action may be brought...
      (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or (B) to obtain other appropriate equitable relief (I)to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan...
  29 U.S.C. § 1132(a)(3)

**3.** Although Plaintiff does not specifically plead such a cause of action in his complaint, the allegations therein support a § 502(a)(3) claim.

breached. Ala.Code § 6–2–34 (1975); *AC, Inc. v. Baker,* 622 So.2d 331 (Ala.1993).

Plaintiff claims that the date of breach for purposes of calculating the statute of limitations in this case is March, 1996. At or about this time, Plaintiff demanded that Defendant provide a definitive denial of his November 8, 1995, claim. Pl.'s Br. in Opp. to Def.'s Mo. for Summ. J. at 8. Plaintiff alleges that on March 1, 1996, he exhausted all administrative remedies available to him, and that Defendants failed to provide him with a full and fair review of his claim for benefits. *Id.* Defendants contend that the date of breach for purposes of calculating whether the statute of limitations has run is 1978, the last year during which Defendants made contributions to Plaintiff's Pension Plan. Def.'s Res. to Pl.'s Br. in Opp. to Def.'s Mo. for Summ. J. at ¶ 4. In the alternative, Defendants argue that even if the statute of limitations is tolled until Plaintiff exhausts all administrative remedies, Plaintiffs and other parties should not be given an indefinite period of time within which to invoke administrative remedies. *Id.* Finally, Defendants argue that there was no violation of ERISA at the time of the denial of Plaintiff's claim in 1996. *Id.*

The court finds that Plaintiff has sufficiently pled a breach of ERISA § 503. This breach allegedly occurred on March 1, 1996, at which time Plaintiff claims Defendants failed to provide him with a full and fair opportunity for review of his claim, as well as failed to provide him with necessary information. Compl. ¶ 18. Furthermore, the court finds that Plaintiff's claim under § 502(a)(1) for Defendants' failure to fully fund his pension in accordance with his employment contract is timely. Plaintiff brought his claim within six years of exhausting his administrative remedies, as required under ERISA § 503.

The court is sympathetic to Defendants' argument that allowing Plaintiff to toll the statute of limitations for eighteen years by failing to seek administrative remedies appears inequitable. However, while the Wex Tex Pension Plan does set forth the procedure for making a claim for denial of benefits, it does not state a time limit in which an employee must originally bring a claim.[4]

The record indicates that Plaintiff began to inquire about his benefits under the plan on or about 1993. On November 8, 1995, Plaintiff's counsel made a formal request for information regarding his future benefits under the terms of the plan. He requested information concerning calculations of his pension and other benefits under the plan. On February 29, 1996, Defendant finally administratively denied Plaintiff's claims, at which point his administrative remedy had been exhausted, entitling him to bring his claim in federal court.

Thus, despite the strong inference contained in the record that Plaintiff has been or should have been fully aware of Defendants' alleged underpayment into his Pension Plan since 1977, the court finds that Plaintiff is within the letter of ERISA, the applicable statute of limitations, and, most significantly, the provisions of the Pension Plan. Hence, summary judgment is due to be denied on this claim.

### ORDER

For the reasons set forth above, it is CONSIDERED and ORDERED that Defendants' motion for summary judgment be and the same is hereby DENIED. It is further CONSIDERED and ORDERED that Plain-

---

4. Wex–Tex Manufacturing Corporations Employees' Pension Plan states:

The Pension Committee shall provide adequate notice in writing to any participant or Beneficiary whose claim for benefits under the Plan has been denied, setting forth the specific reason for such denial with specific reference to pertinent plan provisions, written in a manner calculated to be understood by the Participant or Beneficiary. The Pension Committee shall afford a reasonable opportunity to any Partici-

pant whose claim has been denied for a full and fair review by the Pension Committee of the decision denying the claim. A participant shall be given 60 days in which to request a review of his claim and a decision shall be rendered within 120 days after the request for review.

Amendment of the Pension Plan and Trust Agreement of the Wex–Tex Manufacturing Corporations, § III:11, attached as Ex. 5 to Deposition of William S. Duke, at 10.

tiff's motion for leave to amend be and the same is hereby GRANTED.